## JACKSON, ex dem. COOPER, *vs.* BROWNER.

A *sale* is good, had under an execution issued by a county clerk on a *transcript* of a justice's judgment, although made after the *return day*.

A *transcript*, although in bad English, if intelligible in its essential parts, will be held good.

THIS was an action of ejectment, tried at the Herkimer circuit in September, 1829, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The lessor of the plaintiff claimed to recover the premises in question as the purchaser of the same at *sheriff's sale*, by virtue of an execution on a judgment in his own favor against Frederick Browner, the father of the defendant; which judgment was obtained before a justice, a transcript filed in the county clerk's office, and an execution issued thereon by the clerk of the county. The execution was issued 24th March,

1825, and was made returnable in ninety days thereafter; before the return day the sheriff made a levy, but did not sell the premises in question until the 10th September, 1825. The plaintiff produced the original transcript filed in the clerk's office, and offered to read it in evidence, which was objected to, on the ground that it was not written in the *English language*, and in fair legible characters, as required by statute; the objection was overruled and the transcript read—it was thus: "Samuel Cooper *vs.* fretrick Browner. This 25 day of November, 1824. Summons redurned bersonal served in a plea of —— of fifty dullows and issue gind, and the parties was rety for triel and witness swearn and gudgmand fur the plaintiff on a former gudgmand fur twenty six dullows and twenty six cents. Damiges $26,26, corst of suit 72 $26,98. I hereby sartify that the apove copy is a correckt and true copy of my pook. Guven unter my hand at seal at Danube this 18, day of January 1825." Signed by the justice who rendered the judgment. The plaintiff had a verdict, subject to the opinion of this court; various questions were raised on the argument, those only are noticed here which relate to the sufficiency of the transcript, and the validity of the sale after the return day specified in the execution.

*M. Hoffman*, for plaintiff.

*J. A. Spencer*, for defendant.

*By the Court*, NELSON, J. An objection was taken to the transcript, that it was not written in the English language, according to the requirement of the *fourth* section of the statute of jeofails, 1 R. L. 118. Without enquiring into the question whether advantage could be taken on the trial of a non-compliance with the statute, it is a sufficient answer to the objection to say that it is not well founded in fact. The transcript is written in bad English, and probably worse Dutch, and so far is liable to the criticisms made upon it, but the essential parts of it are sufficiently intelligible to answer all legal purposes.

UTICA,
July, 1831.

Jackson
v.
Browner.

The execution was issued by the clerk of the county the 24th March, 1825, returnable in 90 days, the levy was made within the return, but the sale did not take place until after the return day. It is objected that the sale is void, because not made within the period fixed for the return of the execution. It has been decided under the *twenty-five dollar act*, 9 Johns. R. 361, 13 id. 249, that the sale of property levied upon by a constable must be made within the life time of the execution, that is, within the return day, or all lien is lost. The same principle has been applied to executions in the hands of the *constable*, issued under the *fifty dollar act*, 7 Cowen, 315, the provision in both acts being substantially the same. The fifty dollar act, Laws of 1824, page 290, § 21, provides for issuing of executions upon transcript judgments, and prescribes the duty of the sheriff in respect to them. The twenty-first section is substantially a copy of the provision defining the duty of the constable when an execution is issued by the justice under the same act, with the addition, that it extends the sale to lands and tenements, as well as goods and chattels. It is consequently contended that the principle of the above cases must necessarily be applied to the execution, when issued by the clerk to the sheriff, the two provisions being essentially the same.

The true answer to all this is, that by the 15th section of the *twenty-five dollar act*, and 17th section of the *fifty dollar act*, the constable is expressly prohibited from levying or collecting the amount of any execution issued by virtue of those acts, *unless the same be collected within the times specified in the same*, in the one 30, and in the other 90 days. The correctness of these decisions, therefore, do not depend upon a construction of the provisions which regulate, generally, the issuing and return of the executions, and which are substantially the same, as to the duty of the constable and sheriff in respect to them, but are made in conformity to the express and positive injunction of the statute. There is no such prohibition upon the sheriff, when the execution is issued on the transcript judgment by the clerk, and the prohibitions referred to are confined exclusively, and in terms, to the *constable*, and of course, are only applicable to executions issued by the justice. The cases cited, therefore, do not control the question in this case.

Whether the execution issued by the clerk expires with the return day or not, must depend upon a construction of the 21st section above referred to. The section provides for the issuing of the execution by the clerk of the county, and prescribes the duty of the sheriff under it, and among other things, directs him to make return of his proceedings thereon within 90 days from the date. The provision requiring a return of the proceedings upon the execution is no more definite, or peremptory, than are the terms of any other execution issued out of the court of common pleas; and this alone, therefore, would not seem to afford a sufficient reason for the conclusion that it should expire on the return day. The 17th section, forbidding the constable, in express terms, from collecting an execution after the return day, seems to imply, that without such restriction it would be competent for that officer, under the 15th section, which gives the process, and directs the levy and collection, to collect the same after the return, though the levy must be made before, in analogy to the rules governing the execution of process in courts of record. This inference is strictly applicable to the 21st section, under which the process issued in this case, as there is no such express restriction upon the officer as to the time when the money shall be collected. Another argument might be drawn in favor of the construction that the sale is valid, although made after the return day of the execution, from the consideration that the execution issued by the clerk is the process of the common pleas, and subject to its control, like all other process issuing from those courts. 2 Cowen, 508. 5 id. 31.

Judgment for plaintiff.