NEW-YORK,
May, 1833.

Brace
v.
Benson.

---

## BRACE & others *vs.* BENSON.

*Mesne process* in a *justice's court* is amendable in the name of one of several plaintiffs; and it was accordingly held in this case that a summons at the suit of several plaintiffs might be amended after the return of the same, by altering the christian name of one of the plaintiffs from *Joseph* to *Jasper*.

ERROR from the Madison common pleas. Brace and 20 others as plaintiffs, commenced a suit before a justice of the peace, against Benson, by summons. In the summons one of the plaintiffs was named *Joseph S. Keeler*. On the return of the process the parties appeared, and the plaintiffs by their counsel moved the justice that the summons be amended, by striking out the word *Joseph* in the name of Joseph S. Keeler, and inserting in lieu thereof the word *Jasper*, so as to make the same conform to a written request for process delivered to the justice before the issuing of the summons; which motion was opposed by counsel. The justice decided in favor of the amendment, and altered the summons by inserting the name *Jasper*, instead of *Joseph*. Whereupon the plaintiffs declared, and

subsequently judgment was rendered in their favor. The de-
dendant sued out a *certiorari,* removing the judgment into the
Madison common pleas, which court *reversed* the judgment.
Whereupon the plaintiffs sued out a writ of error.

*M. T. Reynolds,* for the plaintiffs in error.

*J. A. Spencer,* for the defendant in error.

*By the Court,* SAVAGE, Ch. J. The only question is wheth-
er mesne process is amendable in the name of the plaintiff in
such process, and whether such amendment may be made in
a *justice's court.* It has been decided in this court that mesne
process is not amendable when tested or returnable out of
term. 4 *Cowen,* 49, 504. It has been amended when re-
turnable at a wrong place, 1 *Cowen,* 141 ; and where the
name of a wrong person was inserted as chief justice, 1 *Cow-
en,* 203. Amendments have been granted by inserting a dif-
ferent person as defendant from the one named in the writ ;
but not different from the one served with process. 7 *Taunt.*
295. So the name of the defendant has been amended wher e
there was but one defendant, it appearing that the right name
was contained in an affidavit to hold to bail. 2 *Bos. & Pul.*
109 ; this was granted after the service of the process, the
mistake being merely clerical. The same thing was since
done in *Mestan* v. *Hurtz,* 3 *Maule & Sel.* 450, after a plea of
misnomer in abatement. In this case, Le Blanc says there
is no difference between amending the name and any other
part of the declaration. The only doubt in that case arose
from the fact that the suit was a penal action ; but that, it
was said, made no difference ; it was the same as a civil suit.
See *Cowen's Treatise,* 694, 5. The language of the revised
statutes is broad : " The court in which any action shall be
pending, shall have power to amend any process, pleading or
proceeding in such action, either in form or substance, for the
furtherance of justice, on such terms as shall be just, at any
time before judgment rendered therein." 2 *R. S.* 424, § 1.
The seventh section provides that *after verdict,* judgment shall
not be stayed for a variety of defects in process, pleadings and

proceedings; among them is a mistake in the name of any party. It is a general rule that any matter which is *cured by verdict*, is amendable before verdict. There is no question, therefore, that this matter was amendable; and that a justice's court possesses the same power as to amendments, as courts of record, appears from 2 *R. S.* 225, § 1 : "Every justice of the peace elected in any town of this state, or appointed for any city in which special courts are not established by law, is hereby authorized to hold a court for the trial of all actions in the next section enumerated, and to hear, try and determine the same according to law and equity; and for that purpose, where no special provision is otherwise made by law, such court shall be vested with all the necessary powers, which are possessed by courts of record in this state."

I am clearly of opinion that the justice had the power of amendment and exercised it discreetly. Consequently the common pleas erred in reversing his judgment.

Judgment of Madison common pleas reversed, with single costs.