Cornell v. Bennett.

sequent assent to the trade was a ratification of the bargain, whether the plaintiff knew of its terms or not.

The judgment of the county court and of the justice must be reversed.

[St. Lawrence General Term, September 1, 1851. *Willard, Hand* and *Cady*, Justices.]

———•••———

CORNELL and BROKAN, overseers of the poor of the town of Ovid, *vs.* BENNETT.

An omission in a summons issued by a justice of the peace, to state the *plea* in which the defendant is to answer the plaintiff, or the *nature of the claim* alledged by the plaintiff, is no cause for reversing a judgment rendered by the justice.(*a*)

Nor is it a sufficient cause for the reversal of a judgment, rendered by a justice of the peace on the return of a summons, that the justice did not appear at the place named in the summons for the trial, until half past three o'clock, when the summons was returnable at one o'clock P. M., if the defendant was present at the trial, although he did not appear in the suit.

THIS was an appeal from a judgment rendered by the county court of Seneca county, upon an appeal from a judgment of a

(*a*) This question came before the justices of the 4th district, in the case of *Park* v. *Hitchcock and Bitely*, at the general term in Montgomery county in May, 1851, and was decided in the same way; Willard, Hand and Cady, justices. It was an appeal from a judgment of the Washington county court, affirming that of a justice in favor of the plaintiff. The summons issued by the justice required the defendants to appear, &c. "to answer the complaint of Timothy Park, to his damage one hundred dollars." The defendant appeared by attorney, for the purpose of objecting to the proceedings, which he moved to quash, for the reason, among others, that the summons *did not state the alledged cause of action*, and was therefore a nullity. The opinion of the supreme court was delivered by

HAND, J. "It was also objected, that it did not appear by the summons, that the court had any jurisdiction of the cause; nor did it state the alledged cause of action. The revised statutes required that the summons command the defendant to appear &c. to 'answer the plaintiff in the plea in the same summons to be mentioned.' (2 *R. S.* 228, § 14.) Under this statute the

Cornell *v.* Bennett.

justice of the peace. It appeared by the return of the justice, that the summons, by which the suit was commenced, was as follows :

"Seneca county, ss. To any constable in the said county, greeting. These are, in the name of the people of the state of New-York, to command you to summon Charles Bennett to appear before me the undersigned, a justice of the peace of said county, at my office in the town of Ovid in the said county, on the 2d day of September, 1850, at one o'clock in the after-noon, to answer John I. Cornell and Peter A. Brokan, overseers of the poor of the town of Ovid, to their damage one hundred dollars or under; and have you then and there this precept.

summons usually mentioned the kind of action in which the plaintiff intended to implead the defendant. The language was the same in the former acts. (*See* 1 *K. & R.* 491; 5 *Web. L.* 376 ; 1 *R. L.* 388; *the* $50 *act of* 1824, § 3.) And yet, declaring for a cause of action differing from that stated in the summons, was held to be no error. (*Baker* v. *Dunbolton*, 10 *John.* 240; *Bowne* v. *Ferne*, 16 *Id.* 161. 1 *Cowen's Tr.* 508.) 'Plea' is a generic collective term, comprehending all the allegations of the parties; but, in the summons, it professed to inform the defendant to what kind of action or complaint he was required to answer, although the specific wrong or claim did not appear until the declaration was filed. (*Gould on Pleadings*, 267.) Forms of actions are now abolished. (*Code*, § 64 *sub.* 15, § 69.) Of course, the summons can not give the name of any action, or state it to be of any plea. The business *of the summons is to notify the defendant that he is sued*, and in what court, and by and with whom, and that he must answer the complaint, as it is now called, and when and where, &c. This is all that should be required in a justice's court. In courts of record, it also informs him, in some cases, of the amount for which judgment will be taken, and in others that the plaintiff will apply to the court for judgment. But in justices' courts, the plaintiff must state and prove his grievance in open court, in all cases. It would be very embarrassing, and too much, to require that the summons should contain the complaint. Undoubtedly, it must not show the court has no jurisdiction. (*Yager* v. *Hannah*, 6 *Hill*, 631.) But otherwise, under the former system, the plea could not have been a jurisdictional matter, where it did not actually show want of jurisdiction; for the justice could not try many actions of a plea of trespass, trespass on the case, &c. No benefit would be derived by stating therein to what class the cause of action belonged. (*Code*, § 167. 16 *John.* 162. 6 *Hill*, 631, 634.) A different opinion, it seems, has obtained in some of our local courts. (2 *Code Rep.* 68. 140.) But in this I have not been able to concur."

Given under my hand, at the town aforesaid, the 27th day of August, 1850.   JOSEPH DUNLAP, J. P."

The return stated that " at the time, one-half after three o'clock P. M. the justice arrived and called the suit," when the plaintiffs appeared; " the defendant was present but did not answer;" that the plaintiff declared upon a promissory note; and that " on the trial of the said cause, Charles G. Bennett, a witness sworn on the part of the plaintiffs, says the hand-writing of the note is his," &c.   After further testimony, in respect to the note, the justice rendered a judgment in favor of the plaintiffs, which was reversed by the county court.

*John E. Seeley,* for the plaintiff.

*Thomas Finnegan,* for the defendant.

*By the Court,* T. R. STRONG, J.   The contents of a summons for the commencement of a suit before a justice of the peace, are prescribed by 2 R. S. 228, § 14.   It must require that the defendant be summoned " to answer the plaintiff, in the plea in the same summons to be mentioned."   Before the code, it was the practice to designate the plea in the summons, by simply stating a form of action, as " trespass," or " trespass on the case;" but as all forms of action are abolished by the code, § 69, and § 64, sub. 15, it must now be done in some other manner.   It would doubtless be a sufficient designation, to state briefly and generally, in any form, the nature of the claim alledged by the plaintiff.   I do not think the provision that the plea must be mentioned, is repealed by the abolition of the forms of actions; the existence of such forms is not at all necessary to a compliance with it.   But I am satisfied that an omission to comply with the provision, is no cause for reversing a judgment.   The defect is a mere technical and formal one, in no way prejudicial to the substantial rights of a defendant.   When it is made the subject of objection before the justice, he should amend the process, which he has ample power to do.   (*Brace* v. *Benson,* 10 *Wend.* 213.   *Near* v. *Van Alstyne,* 14 *Id.* 230.   *Arnold* v. *Maltby,* 4

*Denio*, 498.) But if he overrules the objection, without amendment, and gives judgment for the plaintiff, it can not be reversed on account of that defect. By § 366 of the code, upon the hearing of an appeal from the judgment of a justice, " the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits." Under this provision, defects like that in question must be overlooked. (*See also* 2. *R. S.* 424, 5, § 7 ; *Bowen* v. *Ferne*, 16 *John*. 161 ; *Cowen's Treatise*, 2d ed. 458 ; 1 *R. L. of* 1813, 387, § 2 ; *Laws of* 1824, *p*. 280, § 2.)

The return of the justice sufficiently shows, independent of the direct statement therein to that effect, that the defendant was present at the trial. A person of the same name was sworn as a witness, on the part of the plaintiffs, and testified " that the hand-writing of the note was his." The fair inference is that he was the defendant. (*Cowen & Hill's Notes* 1301, *and cases cited*.) And if the defendant was present, the case of *Barber* v. *Parker*, (11 *Wend*. 51,) is directly in point, that the judgment of the justice was not erroneous, because the justice did not appear at the place appointed for the trial, until after the expiration of one hour from the time specified in the summons. It is true that more time had elapsed, after the hour, in this case, when the suit was called, than in that cited ; but I think the doctrine of that case may properly be held to embrace this. The defendant willfully abandoned the suit. He should have answered when it was called, and if an adjournment was essential, applied for it. (*See also Baldwin* v. *Carter*, 15 *John*. 496 ; *Wilcox* v. *Clement*, 4 *Denio*, 160.)

The judgment of the county court must be reversed, and that of the justice affirmed.

[MONROE GENERAL TERM, September 6, 1852. *Selden, Johnson* and *T. R. Strong*, Justices.]