Lefferts agt. Hollister.

Order affirmed, with $10 costs.

---

## SUPREME COURT.

### Marshall Lefferts agt. Frederick Hollister.

The Code, although not applicable to previously existing causes of action, so far as the substantial rights are concerned, does nevertheless regulate the forms by which parties are to avail themselves of their rights. (§§ 73, 74.) And it is made imperative that a defence setting up the statute of limitations, shall " *only be taken by answer.*"

*New-York Special Term, January,* 1854.—Demurrer to complaint.

————— —————, *for plaintiff.*
————— —————, *for defendant.*

Roosevelt, Justice. As to the first note sued on, it is alleged to be barred by the statute of limitations. That depends upon circumstances, and among them the time when the suit was commenced—a fact not stated, nor required to be stated, in the complaint. Under the old practice, it was customary to plead the statute affirmatively; and under the Code, which, although not applicable to previously existing causes of action, so far as the substantial right is concerned, does regulate the forms by which parties are to avail themselves of their rights; (*Code*, §§ 73, 74;) it is made imperative that a defence on that ground shall " only be taken by answer."

As to the second note, no defence appears to be made.

The third is alleged to be not yet due. A note dated 20th

January, 1853, payable in five years, of course can as yet constitute no cause of action. I presume it is a clerical mistake of 1853 for 1845. No suggestion, however, is made to that effect.

The demurrer, therefore, to the first cause of action is overruled, with costs; and that to the third is allowed, with liberty to the plaintiff to amend, without costs, in twenty days after service of a copy of the order.