Humphrey v. Persons.

[NEW YORK SPECIAL TERM, February 14, 1856. *Mitchell,* Justice.]

## HUMPHREY *vs.* PERSONS.

The jurisdiction conferred on justices of the peace, in respect to actions upon justices' judgments, is general, and is not limited to cases in which the amount claimed does not exceed $100.

A justice therefore has jurisdiction of an action upon a judgment rendered in a justice's court, and to render judgment for the amount due thereon, although it exceeds $100.

Although a summons issued by a justice claims damages to an amount exceeding $100, the defendant is bound to appear in the action; inasmuch as justices of the peace have jurisdiction of some actions, wherein judgments are claimed for sums over $100.

In an action upon a justice's judgment, it is not necessary that the summons should state that the complaint will be upon such judgment.

The omission of a justice of the peace to certify, in his docket, that the amounts appearing by such book to be due on the judgments therein have not been paid, to his knowledge ; or to deposit such docket with the clerk of the town, on his removing therefrom, will not affect the validity of the judgments in the docket, or vary the effect of the same as evidence ; the statutes requiring him to do so, being merely directory.

The fact that a justice's judgment, on which an action is brought, was recovered more than six years before suit commenced, is no cause for reversing a judgment given upon it, where the defendant did not appear in the latter suit, and plead the statute of limitations.

Although the statute applicable to justices' courts declares that in case a defendant does not appear and answer, the plaintiff cannot recover without proving

his case, the plaintiff need not disprove any defense that must be specially pleaded, to be available to the defendant.

All that the plaintiff is obliged to prove, in such a case, is, enough to entitle him to recover, if the allegations in the complaint were denied generally, by an answer.

Where a justice of the peace acquires jurisdiction of an action, his judgment, although it be voidable for irregularities thereafter committed, is not void; and will uphold a judgment given upon it in a suit commenced thereon.

The statute prescribing what entries justices of the peace shall make in their dockets, is directory; and a literal compliance therewith is not necessary, when the entries show that the justice had jurisdiction of the parties, and of the subject matter of the action; and they also show the kind and amount of the judgment given, and that it was rendered at a proper time.

THIS action originated in a court held by a justice of the peace. It was founded upon a judgment rendered by Martin Marcley, Esquire, a justice of the peace of Schoharie county, on the 28th day of July, 1842, for $92 damages, and $3.71 costs. The summons in this action was returnable on the 11th day of October, 1854, and required the defendant "to answer, in a civil action, the complaint of Robert Humphrey, *to his damage of one hundred and seventy-five dollars.*" The summons was returned personally served October 2d, 1854.

On the return day the plaintiff appeared before the justice, at the place specified in the summons, but the defendant did not appear. The plaintiff presented a complaint in writing, upon the judgment rendered by the said Martin Marcley, Esquire; in which complaint he demanded judgment against the defendant *for one hundred and seventy-five dollars.* The action was then tried, and the docket of the said Martin Marcley, Esquire, was read in evidence. It was as follows: [Title of cause.] " July 7, 1842, I issued a summons returnable on the 16th inst. at 2 o'clock P. M.—July 8, 1842, served by copy, by Henry Marcley, constable. Fees $1.12½. July 16, 1842, plaintiff appeared; the defendant did not appear. Plaintiff demanded another summons. July 16, 1842, I issued summons returnable on the 27th inst. at 2 o'clock P. M. July 20, 1842, personally served, by James McDonald, constable. Fees $1.18. July 27, 1842, plaintiff appeared in court, defendant did not

appear. Plaintiff declared upon a promissory note, to his damage of ninety-two dollars. Plaintiff calls for an adjournment, and cause adjourned to the 28th inst. at 1 o'clock P. M. July 28, 1842, plaintiff appeared in court, defendant did not appear. W. for plaintiff, John Allen. Damages $92, costs $3.46. Judgment $95.43. Transcript $0.25. $95.71." The interest on the judgment was proved to be $79.54. The docket of Martin Marcley, Esq. was proved by Tobias Marcley; who testified, "I reside in the town of Seward. I have lived there for 30 years past. Martin Marcley is my brother. He was reputed to be a justice of the peace of the town of Seward, Schoharie county, and acted as such during the year 1842. He now resides in Westchester county, and is not now in this or any adjoining county to my knowledge. Westchester county does not adjoin Schoharie county. I am acquainted with his handwriting, and have seen him write. (Plaintiff here presents docket to witness in court.) Witness says, the docket is Martin Marcley's docket, and is in his handwriting." (*See* 2 *R. S.* 270, § 248.)

The justice rendered a judgment in this action against the defendant for $172.48 damages, $2.52 costs, in all for $175. Afterwards, at about 11 o'clock A. M. on the said 11th day of October, 1854, while the justice and the plaintiff's counsel were engaged in the trial of another cause, Henry Smith, Esq. appeared for the defendant in this action, and produced his authority to appear, and asked the plaintiff's counsel to waive the judgment that the justice had rendered against the defendant, and permit him to plead; and proposed to him to pay costs, the plaintiff's witnesses being present. It does not appear, by the return, what reply, if any, the plaintiff's counsel made to this proposition, or that the justice made any statement or decision thereupon. The Schoharie county court reversed the judgment of the justice, upon the ground that the action was barred by the statute of limitations. No affidavits were presented to the county court, to show that injustice had been done to the defendant, or to excuse his default before the justice, as might have been done. (*See Code,* § 366.) The plaintiff appealed from the judgment of the county court to this court.

*James E. Dewey,* for the plaintiff.

*W. Wells,* for the defendant.

BALCOM, J.　Subdivision 7 of section 53 of the code confers jurisdiction upon justices of the peace, of actions on judgments rendered in a court of a justice of the peace, where such actions are not prohibited by section 71.　Section 71 only prohibits actions upon such judgments for five years after their rendition; which period had expired before this action was commenced.　The jurisdiction conferred on justices of the peace of actions upon such judgments, is general; and it is not limited, as it is in most of the other actions of which they have jurisdiction, to cases in which the amount claimed does not exceed one hundred dollars.　The justice, therefore, had jurisdiction of this action upon the judgment of Martin Marcley, Esquire, and to give the plaintiff judgment for the amount due thereon, although it exceeded one hundred dollars.

Before the code was enacted, a justice of the peace could not render a judgment for a sum exceeding one hundred dollars, exclusive of costs, in an action upon a judgment of his own court.　(2 *R. S.* 225, § 2, *subd.* 1.　*Laws of* 1840, *p.* 265.) Had the jurisdiction of the justice to render judgment in all cases been limited to one hundred dollars, the defendant would have been under no obligation to appear in the action; because the summons required him "to answer in a civil action, the complaint of Robert Humphrey, to his damage of one hundred and seventy-five dollars." ( *Yager* v. *Hannah,* 6 *Hill,* 631.) The defendant should however have appeared in the action; as justices of the peace have jurisdiction of some actions, wherein judgments are claimed for sums exceeding one hundred dollars. ( *Code,* § 53, *subd.* 6, 7.)

It was not necessary to the validity of the judgment in this action, that the summons should have informed the defendant that the plaintiff's complaint would be upon the judgment of a justice of the peace. ( *Cornell* v. *Bennett,* 11 *Barb.* 657. *Smith* v. *Joyce,* 12 *id.* 21.　*Delancy* v. *Nagle,* 16 *id.* 96.)

Humphrey v. Persons.

The omission of Martin Marcley, Esquire, to certify in his docket, that the amounts appearing by such book to be due on the judgments therein, had not been paid to his knowledge; or to deposit such docket with the clerk of the town of Seward, when he removed from that town, did not affect the validity of the judgments in the docket, or vary the effect of the same as evidence; as the statutes that required him to do so are merely directory. (2 *R. S.* 270, §§ 252, 253, 254.) Marcley could have been punished for such neglect of duty; but the parties to judgments entered in his docket neither lost nor gained by reason of his delinquency.

The fact that the judgment upon which this action is founded was recovered more than six years prior to the commencement of the action, was no cause for reversing the judgment given upon it; for " the objection that the action was not commenced within the time limited can only be taken by answer." (*Code,* § 74. *Lefferts* v. *Hollister,* 10 *How. Pr. Rep.* 383. *Per Gray, J., Swift* v. *Drake, MS. case, General Term, 6th district.*) Although the statute applicable to courts held by justices of the peace declares, " In case a defendant does not appear and answer, the plaintiff cannot recover without proving his case," (*Code,* § 64, *subd.* 8,) the plaintiff need not disprove any defense that must be specially pleaded, to be available to the defendant. All that the plaintiff is obliged to prove, in such a case, is enough to entitle him to recover, if the allegations in his complaint were denied generally, by an answer. It is unnecessary to determine when an action upon a justice's judgment is barred by sections 90 and 91 of the code; or the effect of such sections upon justices' judgments rendered prior to the passage of the code, if such sections extend the time for bringing actions upon such judgments to twenty years.

The judgment of Justice Marcley was not void. His docket furnished sufficient evidence that the summons was returned to him, with the return of a constable thereon endorsed, that he had personally served the same upon the defendant, more than six days prior to the return day therein specified. The day of its service was also stated. Marcley thus acquired ju-

risdiction of the defendant; and having jurisdiction of the action before him, his judgment, if voidable for irregularities thereafter committed, was not°void; and it will therefore uphold the judgment given upon it in this action. (*Hard* v. *Shipman*, 6 *Barb.* 621. 4 *id.* 541   *Bromley* v. *Smith*, 2 *Hill*, 517.) Giving the docket that fair and reasonable construction which the decisions of this court seem to require, it showed a valid judgment against the defendant. (*See* 2 *Hill,* 517 ; 1 *Denio*, 432 ; 7 *Wend.* 388 ; 2 *Kern.* 439.)

Again, the statute prescribing what entries justices of the peace shall make in their dockets, (2 *R. S.* 268, § 243,) is directory ; and a literal compliance therewith is not necessary, when the entries show the justice had jurisdiction of the parties and the subject matter of the action ; and also show the kind and amount of the judgment given, and that it was rendered at a proper time. (2 *Hill,* 329.   14 *Barb.* 291.)

Having examined and considered all the points made by the defendant's counsel, and found no error in the proceedings before the justice, or in his judgment, the judgment of the county court should be reversed, and that of the justice affirmed, with costs.

GRAY, J.   This action was brought upon a justice's judgment rendered in July, 1842, for a sum less than $100, which, with interest upon it when this suit was commenced, exceeded that sum.   The only question in the case, involved in any doubt is, whether the code has extended the jurisdiction of justices of the peace in such actions where the amount claimed exceeds $100.   It must be conceded that a judgment rendered by a justice of the peace, though it is in the nature of a debt of record, and conclusive between the parties, is, nevertheless, regarded as a contract, and so treated by the courts of this state. (*Mather* v. *Bush*, 16 *John.* 233.   *Jackson* v. *Fuller*, 6 *Cowen*, 509, 590.   *Mitchell* v. *Hawley*, 4 *Denio*, 414, 416. *McGuire* v. *Gallagher*, 2 *Sandf.* 402, 403.)   And if there was no other provision on the subject of the jurisdiction of justices of the peace in actions arising upon contract, than is to be

Humphrey *v.* Persons.

found in subdivision 1, of § 53 of the code, it would be expressly limited to cases where the sum claimed does not exceed $100; but in the same section, subd. 6, jurisdiction in an action upon a surety bond is unlimited, and in an action brought upon a judgment rendered in a court of a justice of the peace, jurisdiction is, by subd. 7, of the same section, given in all cases not prohibited by § 71. That only prohibits the right of action within five years, except in specified cases. It is impossible to carry out subd. 7, conferring jurisdiction "*in all cases*" except those specified, unless jurisdiction is allowed to any amount for which judgment has been rendered, with the interest that has accrued upon it. The increase of jurisdiction is but the amount of interest that has accumulated upon a justice's judgment rightfully rendered. No intricate question could arise, more than upon a judgment for a less amount. There is nothing alarming in the exercise of such a jurisdiction, that calls upon a court for a subtle construction of the statute, to prevent its exercise. The fair construction of the three subdivisions of § 53 (1, 6 and 7,) when considered together, is that civil jurisdiction is conferred upon justices of the peace in actions arising upon contract, for the recovery of money only, if the sum claimed do not exceed $100, except where the action is upon a surety bond, or on a judgment rendered in a court of a justice of the peace; and in these actions, the jurisdiction may be exercised in all cases, except when prohibited by § 71. It is no objection to the plaintiff's right to recover, that more than six years elapsed after the judgment was rendered, before this suit was brought upon it. The defendant, to have availed himself of this objection, should have appeared and pleaded the statute. This we held in the case of *Swift* v. *Drake*, several terms since. I am therefore of opinion that the judgment of the county court should be reversed, and that of the justice affirmed.

MASON, J. The objection raised to the validity of the judgment in this case, on the ground that the justice had not jurisdiction to render judgment for $175, is not well taken. The

action was upon a judgment rendered in a justice's court. Justices' courts had jurisdiction, under the code, in actions upon justices' judgments, without limit as to amount. Section 52 of the code repeals all statutes giving or limiting the jurisdiction of justices' courts. By section 53, justices' courts now have jurisdiction in the actions enumerated in subdivisions 1, 2, 3, 4, 5 and 9, to the amount of $100, and in subdivision 8, to the amount of $250, and in subdivisions 6 and 7, to any amount. It seems to me too clear to be questioned that by subdivision 7, of section 53 of the code, justices have now jurisdiction of all actions upon justices' judgments, without reference to amount. The summons in a justice's court need not state the nature of the action. (*Cornell* v. *Bennett,* 11 *Barb.* 657. *Smith* v. *Joyce,* 12 *id.* 21.) But if the nature of the action be stated, the plaintiff may complain for another cause of action. The docket of the justice, which was given in evidence, to prove the judgment rendered by Justice Marcley, although not very formal or full in its statements, yet contains enough to show that Marcley had jurisdiction of the parties and of the subject matter of the action ; and I am of opinion that the docket sufficiently shows that a judgment was rendered in favor of the plaintiff and against the defendant, for $92 damages and $3.46 costs. The county court erred in reversing the judgment of the justice in this case on the ground that the statute of limitations was a bar to the action. We held in the case of *Swift* v. *Drake,* that the statute of limitations cannot avail the defendant, under the code, unless he pleads it, any more than under our former system. (*See MS. opinion of Gray, justice. Also Lefferts* v. *Hollister,* 10 *How. Pr. Rep.* 383.) The judgment of the county court should be reversed, and that of the justice affirmed.

Judgment of the county court reversed, and that of the justice affirmed, with costs.

[BROOME GENERAL TERM, January 13, 1857.  *Gray, Mason* and *Balcom,* Justices.]