## COOPER a. KINNEY.

*New York Common Pleas ; General Term, January*, 1858.

FORM OF SUMMONS.—AMENDMENT IN JUSTICES' COURTS.

The Marine Court of the city of New York, and Justices' Courts, have power, in actions where the defendant appears, to allow the plaintiff to amend his summons on the return day, changing the character of the action from one on contract to one for a tort.

Appeal from a judgment of the Marine Court of the city of New York.

The facts appear in the opinion.

BY THE COURT.—HILTON, J.—This action was commenced by the issuing of a summons, requiring the defendants to answer to " a complaint for a money demand upon contract."

On the return of the summons the parties appeared, and the plaintiffs then applied to the court for leave to amend the summons by striking out the words " a money demand on contract," and inserting, in lieu thereof, " injury to personal property," and thus change the character of the action from contract to tort.

The court permitted the amendment, and the defendants excepted " on the ground that the court had no power to amend process after it had once issued."

Every court has power to amend its process and proceedings (2 *Rev. Stats.*, 424, § 1), and courts of record have this power not only conferred upon them by express enactment (*Code*, § 173), but are required " to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." (*Code*, § 176.)

This being the rule in courts where formerly adherence to strict form has often been deemed essential, there certainly exists no reason for the application of a more stringent rule than has heretofore prevailed upon this subject in justices' and other inferior courts.

It has always been their duty to allow such amendments as will promote substantial justice between the parties; and in this case the court having jurisdiction of the parties to, and subject-matter of, the action, permitting the amendment was an act of discretion which will not be reviewed by this court. (*Code*, § 336; Colvin *v.* Corwin, 15 *Wend.*, 557; Fulton *v.* Heaton, 1 *Barb., S. C.*, 552; Brace *v.* Benson, 10 *Wend.*, 213.)

The complaint was for damages for the carelessness and negligence of the defendants, in over-driving a bay mare of the plaintiffs, hired of them by the defendants, February 3d, 1856. The answer was a general denial.

Evidence respecting the hiring, carelessness, and damage was introduced by each party, and the jury determined against the defendants on all the issues thus presented, and found a verdict in favor of the plaintiffs for $400.

The whole case seems to have been fairly presented to the jury; and so far from their finding being against the weight of evidence, as claimed by the defendants, appears to be fully warranted by it.

The joint hiring by the defendants, their carelessness, and the damage resulting therefrom, being established by the verdict, it is unnecessary to examine the questions of law presented on the argument.

Judgment affirmed, with costs.