# HIRAM H. NAZRO, RESPONDENT, v. THE McCALMONT OIL COMPANY, APPELLANT.

*Contract — when a foreign judgment is deemed to be one — Code of Civil Procedure, sec.* 635 — *right of an assignee of a foreign judgment to sue thereon in this State — when a stay granted in a foreign country is operative here.*

A judgment recovered in the courts of another State is a "contract" within the meaning of section 635 of the Code of Civil Procedure, providing in what actions attachments may be issued.

An attachment may be issued in an action brought in this State against a foreign corporation, by the assignee of a judgment recovered against it in another State, by a foreign corporation.

In an action by the assignee of a judgment recovered against the defendant in Pennsylvania, it appeared that a stay of execution had been granted under a statute of Pennsylvania upon the giving of an instrument, which was filed and made a part of the record of the action and judgment there. At the time of the commencement of this action, the stay granted in Pennsylvania had not expired.

*Held*, that regarding the judgment as a contract, its effect should be determined by the laws of Pennsylvania, and that as it was not yet enforceable in that State, it could not be enforced in this.

APPEAL from an order of the Special Term, denying a motion to vacate an attachment issued in an action brought upon a judgment recovered in the State of Pennsylvania.

*J. B. Leavitt*, for the appellant.

*Robert Mazet*, for the respondent.

DAVIS, P. J.:

We think a judgment is a contract, "express or implied," within the meaning of section 635 of the Code of Civil Procedure. (*Humphrey* v. *Persons*, 23 Barb., 318; *Donnelly* v. *Corbett*, 7 N. Y., 500; *Saddlesvene* v. *Arms*, 32 id., 280.)

The assignment of the judgment in this case by the Mechanics' National Bank of Pittsburgh to the plaintiff, appears to have been sufficient to carry title and to vest the plaintiff with whatever right of action existed upon the judgment. It is altogether probable that it was made to enable a suit to be brought in this State, which the bank, as a foreign corporation, might not have been able to

bring against the defendant, another foreign corporation, but that fact, if true, does not affect the assignment so far as to prevent its carrying a complete title to the judgment to plaintiff.

The remaining question is a more difficult one. It arises out of the fact that after a judgment was recovered by the bank against the defendant in the State of Pennsylvania, a stay of execution for the term of one year on the judgment was granted under a statute of Pennsylvania, by the giving of the security required by the statute. The security in this case was given apparently in due form of law by an instrument taken, acknowledged and approved by and before one of the judges of the court, and thereupon the same was filed and made a part of the record of the action and of said judgment, whereupon the proceedings upon said judgment to enforce the same in said suit, became stayed until October 6, 1885.

Regarding the judgment as a contract, it must be held, we think, to be such a contract as the laws of Pennsylvania make it, and that is one not enforceable until the expiration of the stay of execution. The action in this State in which the attachment issues, is based altogether upon the judgment. The recognizance by which the execution is stayed became part of the record of the judgment, and while it remains in full force and effect the law of Pennsylvania prevents the issuing of any execution to collect the judgment until the expiration of the stay, and this because the stay is a part of the " contract, express or implied," upon which the plaintiff has sued out his attachment. It is in its nature a contract not yet due, and for that reason not yet enforceable in this State by attachment against the property of the defendant. We think the attachment should have been vacated on this ground.

The order should be reversed, with ten dollars costs and disbursements, and an order entered vacating the attachment, with ten dollars costs.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and order entered vacating attachment, with ten dollars costs.