Hogeboom, J.   I am inclined to concur.   I think the costs should be charged, not upon the executors personally, but upon the estate—both the appellant's and the respondent's costs.

Decree accordingly.

[Albany General Term, September 18, 1865.  *Hogeboom, Miller* and *Ingalls,* Justices.]

---

## Bradbury *vs.* Van Nostrand.

A justice of the peace has power to amend a summons, by correcting the year named in it, after the parties have appeared in the cause, where no objection is taken to the summons, and no motion is made to quash the proceedings on account of the error.

THIS is an appeal by the plaintiff from a judgment of the Ulster county court, reversing a judgment of a justice of the peace of that county in his favor.  ·  The summons by which the suit was commenced before the justice, was issued the 2d day of January, 1865, returnable the 12th day of January, 1864.  It was also by mistake, dated in 1864 instead of 1865.  On the 12th day of January, 1865, at the hour designated in the summons, the plaintiff and defendant appeared and answered before the justice—the defendant requesting the court to be held open until he got his attorney. His attorney shortly appearing and inspecting the summons, called the attention of the justice to the date, and refused to go on with the suit.  The justice then, in the presence of the parties, amended or changed the date of the summons from 1864 to 1865 ; after which the defendant's attorney and the defendant left the justice's office, though the justice told him he should proceed with the suit.   The justice then proceeded with the case, and rendered a judgment for the plaintiff, for the amount proved, $15.39, and costs, which was reversed on appeal.

Bradbury *v.* Van Nostrand.

*J. E. Van Etten,* for the plaintiff and appellant.

*W. Lounsbury,* for the defendant and respondent.

*By the Court,* MILLER, J. A single question is presented in this case, and that is, whether the justice had power to amend the summons by correcting the year named in it. It is not disputed that the mistake was a clerical one which misled no one, and which was not discovered until after the cause was called and both the parties had appeared and answered before the justice. Even after the defect was known, no objection was taken to the summons on that account, and no motion made to quash the proceedings by reason of the error.

The statute provides that a summons shall in all cases be served at least six days before the time of appearance mentioned therein: (2 *R. S.* 228, § 15.) As the time of appearance named in the summons was the 12th day of January, 1864, and it was served after that day, it is quite manifest that this provision of the statute was not complied with, and in this particular it was defective. In other respects it was complete and perfect, and if it can be avoided at all, it is only for the defect to which I have adverted.

The summons being defective in thus erroneously stating the year, the question arises whether the defect was amendable, or was waived by the act of the defendant.

I am entirely satisfied that the misstatement of the year was not a defect in stating the return day, and therefore an amendment of it is not prohibited, expressly, by the statute. ( 2 *R. S.* 424, § 3.) The section referred to evidently relates to process upon which a party has been arrested, and under no circumstances applies to a summons. It may also be observed that it was not the return day—that is, the day on which it was returnable—which was defective, but the error was in the year. There is then, I think, no prohibition by statute against the amendment of the summons in this case,

In reference to the power of the court to allow amendments, it may be well to refer to the statutes and decisions on that subject, so far as they may be pertinent in the discussion of the question now considered. By the Revised Statutes, courts are authorized to amend any process or pleading or proceeding, either in form or substance, for the furtherance of justice. (2 *R. S.* 424, § 1.) It has been decided that justices' courts have the same powers in respect to amendments as courts of record. (*Perry* v. *Tynen,* 22 *Barb.* 139, *and authorities there cited. Voorhies' Code, ed. of* 1864, '74, *n. b.*) Justices' courts, where no special provision is made by law, are also vested by statute with all the necessary powers which are possessed by courts of record. (2 *R. S.* 225, § 1.)

It is also provided that after verdict no judgment shall be "reversed, impaired, or in any way affected" by reason of "any defect in process." (2 *R. S.* 424, 425, § 7, *subd.* 3.)

Under these provisions of the statutes and the decisions referred to, I think, there can be no doubt but that the justice had power to grant the amendment in question. Such a power has been repeatedly exercised in numerous cases. (*Brace* v. *Benson,* 10 *Wend.* 213. *Near* v. *Van Alstyne,* 14 *id.* 230. *Fulton* v. *Heaton,* 1 *Barb.* 552.) I do not consider that the summons itself was entirely void and conferred no jurisdiction whatever. As the defendant appeared upon the return day, answered to the suit when it was called, and made no objection, I think the amendment was properly granted. The court had acquired jurisdiction of the parties by the service of the summons and by their appearance, and the defendant not having made any objection, even although he may not have taken any steps in the cause which waived the defect, I think the process was amendable.

The judgment of the county court must therefore be reversed, and the judgment of the justice affirmed.

[Albany General Term, September 18, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]