### Amos Gould v. William H. Castel.

*Laches—Disregard of chancery subpœna—Omission of return day.*

It is gross laches for a defendant in chancery to disregard the subpœna served on him and permit the proceedings to go to decree merely because the copy served did not give the date of the return day; and a motion made after decree to set aside all proceedings after the issue of subpœna is properly denied.

Appeal from Gratiot.    Submitted January 18.    Decided January 25.

Bill to quiet title.    Defendant appeals.    Affirmed.

*E. R. Hutchins* for complainant, cited as to the laches of allowing decree without appearance : *Johnson v. Johnson* Walk. Ch. 309 ; *Hart v. Small* 4 Paige 288 ; *Nichols v. Nichols* 10 Wend. 560 ; *Creveling v. Moore* 39 Mich. 563.

*Wm. H. Castel,* in person, and *A. D. Griswold* for defendant.    A defendant served with a copy of a subpœna naming no return day has a right to suppose it corresponds with the original and is justified in considering it void : *Arden v. Walden* 1 Edw. Ch. 631 ; *People v. Miller* 15 Mich. 360 ; *Gould v. Tryon* Walk. Ch. 339 ; *Howard v. Palmer* id. 391.

Graves, C. J.    In April, 1880, the complainant filed a bill against the defendant for the purpose of quieting the title to certain lands claimed by complainant and against which, as he alleged, the defendant had created a cloud by certain claims which were not founded in any legal or

equitable right. A subpœna to answer was in due form immediately issued and on the 17th of April was returned with regular proof of service on the defendant personally. The service was made by Mr. Bassett, and some time thereafter, and after that gentleman had mailed the subpœna to the complainant's solicitor Mr. Hutchins, the defendant informed Mr. Bassett that the copy of the subpœna delivered at the time of the service was not a true copy and that he was going to pay no attention to it, and allow complainant to go on and take decree and then move to set it aside. Mr. Bassett then observed to him that he had better not do so; that if he succeeded in getting the proceedings vacated another subpœna would be taken and he would gain nothing by the action. The defendant replied that he did not care for that; he was going to make the complainant all the trouble he could.

May 25, 1880, the defendant wrote to complainant concerning the suit. He said:

"I will make you another offer for the alleged claim against the east half of the northwest quarter of section 26, 5, 9–1 west Mich. You claimed to have received of Hayes $100 on contract. Now rather than to litigate I will give you two hundred and fifty dollars and take the land subject to your alleged contract with Hayes, and give possession of the land to Hayes. I will pay you the money down if the proposition is accepted at once. I have no other offer to make; then I shall hold myself ready to pay all taxes and tax claims against said 80 of land when made; know what they are and the amount. Let me hear from you at once. Yours, WILLIAM H. CASTEL. P. S.—If not heard from I shall appear specially in the case."

On the same day on which this letter bears date the bill was taken as confessed for want of appearance. The complainant waited, however, until July 1st, and the defendant not appearing, a decree was then taken as prayed by the bill. The defendant continued passive until the 16th of November, at which time he addressed to complainant the following letter:

"DEAR SIR I have learned by hearsay that you have taken a decree; is that so? Had you ever served me with any writ to appear at any time I should have entered my

appearance. If you have taken a decree against me, it is based on a false affidavit of service. I am not responsible for the blunders that your solicitor makes. If you are not willing to settle with me and pay me for my land, I shall move to set aside any decree you have taken. If you want my title for $300 or want $300 as a compromise for your claim, say so. I know well with whom I am dealing, but I will say you will not see the day that you get that land without paying at least that much. You can settle now, or you can back up and commence again. I have all papers and proof of what I say as to the falsity of the return made. Let me hear from you if you feel disposed not to beat me out of my land, and pay or take a fair compensation for any claim you have."

The defendant then waited a month longer and on the 18th of December moved in person to vacate the proceedings subsequent to the bill and the issue of the subpœna, on the ground that the copy of the subpœna delivered to him contained no appearance-day. He made no showing of merits nor tendered any answer. Neither did he suggest any excuse or explanation for his delay. He relied on his own showing by affidavit and the explanation of Mr. Bassett to prove that the copy of subpœna left with him contained the defect specified in the motion. The evidence on the other side consisted of the files, and affidavits by complainant and his solicitor Mr. Hutchins and also a second affidavit by Mr. Bassett. The court denied the motion and the defendant has appealed from that order.

Waiving all question concerning the appealability of this order we are satisfied the court decided correctly in making it. We think the defendant was guilty of gross laches and was in fault in lying by and not moving on his own contention in regard to the defect of the process. But we are further of opinion that the charge against the subpœna is not made out. The weight of evidence is in our judgment the other way.

The order must be affirmed with costs.

The other Justices concurred.