(55 Misc. Rep. 310)

### LENHAM MERCANTILE CO. v. HERKE.

(Supreme Court, Special Term, Erie County. June, 1907.)

1. JUSTICES OF THE PEACE—CIVIL JURISDICTION—DEFECT IN COPY OF SUMMONS.
    Where the summons issued by a justice in a civil action was regular, and the copy served on defendant was defective merely in omitting the last figure of the year of the return day, the defect was not jurisdictional.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 263.]

2. PROHIBITION—ENFORCEMENT OF JUDGMENT.
    If a justice has jurisdiction in rendering a judgment, a writ of prohibition will not lie to prevent its enforcement or collection.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, § 36.]

Action by the Lenham Mercantile Company against Fred Herke. Defendant moves for a writ of prohibition to prevent collection of a justice's judgment. Motion denied.

Harrison & Smith, for the motion.
Thomas E. Lawrence, opposed.

WHEELER, J. The views this court entertains as to the merits of this motion permit it to brush aside all technical objections relating to matters of practice and address itself to the question of the right of the moving party to the writ asked. On July 10, 1906, Timothy Lavelle, as justice of the peace for the town of West Seneca, Erie county, N. Y., upon the application of the Lenham Mercantile Company, issued his summons in a civil action against the defendant, Fred Herke, returnable before the justice at his office on the 18th day of July, 1906. The original summons seems to have been regular in all particulars. It was dated July 10, 1906, and was returnable "on the 18th day of July, 1906." The copy of the summons served on the defendant, however, read "on the 18th day of July, 190 ." Acting upon the advice of counsel that the discrepancy was fatal to the justice's proceedings, the defendant ignored the summons, did not appear on the return day,

and the justice on that day rendered judgment against the defendant for $24.50 damages and costs. Thereafter an execution was issued and returned unsatisfied, and subsequently an execution under the provisions of section 1391 of the Code of Civil Procedure, to reach certain wages of the defendant, was issued. The defendant now asks for a writ of prohibition against the enforcement or collection of this judgment; the claim being made that the justice had no power or jurisdiction to render the judgment in question, and that the judgment is therefore void.

This contention is based upon the fact that the copy of the summons left with the defendant by the constable making the service did not contain the year in which the same was returnable as above stated. "The office of a writ of prohibition is to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance. It does not lie to restrain a ministerial act, nor can it take the place of a writ of error or any other proceeding to review judicial action, or of a suit in equity to prevent or redress fraud." Thomson v. Tracy, 60 N. Y. 31. If the omission of the year in the copy of the summons served did not operate to deprive the justice of jurisdiction to render judgment, then the defendant has no standing to ask for the interposition of this court by writ of prohibition, and this brings this court directly to the consideration of that question.

It is to be noted that the original summons was in no way defective, so that it cannot be claimed that the provisions of section 3135 of the Code of Civil Procedure, requiring a mandate issued by a justice of the peace to be "entirely filled up," was in any way violated. Section 2876 provides that an action in justice's court shall be commenced "by the service of a summons," and section 2878 provides that "personal service of the summons must be made by delivering a copy thereof to the defendant." What effect, then, does the service of a defective copy have on the proceeding, particularly where the defect on its face is but an apparent clerical error, as in this case. The rule seems to be that where the return day is made reasonably certain, so that the defendant cannot be misled thereby, a clerical error between the original and the copy served will be disregarded by the courts. Griffin v. Jackson (Sup.) 13 N. Y. Supp. 321. I cannot see how the defendant in this case could have been misled by the omission of the year, so long as the hour and day of the month were properly filled in. The defendant and his attorney must have known that under the provisions of section 2877 of the Code the summons must be made returnable not less than six nor more than twelve days from its date of issue, and that the justice had no authority to compel an appearance in any other year than the year 1906. This fact put the defendant on his inquiry, and he certainly should have known that the omission of the year in the copy could have been nothing less than a clerical omission at most.

In the case of Bradbury v. Van Nostrand, 45 Barb. 194, the summons issued was not only erroneously dated "1864," when it should have read "1865," but was also made returnable in "1864," when it should have read January 12, 1865; but the court held that the justice had the power to amend its process. The court in its opinion said:

"I am entirely satisfied that the misstatement of the year was not a defect in stating the return day, * * * but the error was in the year."

So, too, in the case of Arnold v. Maltby, 4 Denio, 498, where a summons issued on the 3d day of January, 1846, made returnable on the 10th day of January instant, was dated January 3, 1845, and, having been personally served and judgment given without an appearance by the defendant, it was held that the defect should be disregarded and was amendable. This case was cited and followed in Bishop v. Donnell, 171 Mass. 563, 51 N. E. 170.

As the relator's right to maintain this proceeding must stand or fall on the question of the jurisdiction of the justice to render judgment, and the authorities are adverse to the proposition that the defect in the copy is jurisdictional, it follows the motion for a writ must be denied. The defendant should have appeared on the return day. The justice had jurisdiction, and whatever errors there were committed should have been corrected by appeal. They cannot be reviewed by means of a writ of prohibition.

The motion for a writ of prohibition is denied, and the order for a writ, made herein on the 26th day of December, 1906, is vacated, with $10 costs.