MAYERSON v. COHEN.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. PROCESS—RETURN OF SERVICE—CONCLUSIVENESS.

An officer's return of service of summons is conclusive, unless traversed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 189–192.]

2. SAME—REQUISITES—CLERICAL ERRORS.

Where the copy of a summons served on defendant stated the return day, the omission of the date of the summons was but a clerical error, and not jurisdictional.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 206–208.]

3. COURTS—MUNICIPAL COURTS—SUMMONS—SERVICE OF COPY.

Where the original summons in an action in the Municipal Court was properly filled in as required by Municipal Court Act, Laws 1902, p. 1498, c. 580, §§ 27, 28, and was made returnable not more than 12 days from its date, and was served 6 days before the return day, as required by section 37 (page 1502), the omission of the date of the summons in the copy served on defendant was not jurisdictional.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Mayerson against Isaac Cohen. From a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

A. Stephen Aaronstamm, for appellant.

Henty Hetkin, for respondent.

MILLER, J. The plaintiff appeals from a judgment of the Municipal Court dismissing the complaint on the ground of a defect in the copy of the summons served on the defendant; the alleged defect being the omission of the date of the summons. Indorsed on the original summons is an affidavit of service to the effect that a true copy of the original was delivered. While a copy of a summons, blank as to date of issuance, is found among the papers on this appeal, the record fails to show that there was any proof offered that said alleged copy was the paper served on the defendant, and there is nothing whatever to show that the return of the officer making service was in any manner traversed. The return, unless traversed, had to be accepted as conclusive. Caldwell v. De Korven, 32 Misc. Rep. 725, 66 N. Y. Supp. 309. Moreover, if it had been proven that the alleged copy of the summons found in the return to this court was the paper served on the defendant, still the omission of the date was merely a clerical error, and the defendant was in no way prejudiced thereby. The return day was distinctly stated therein, and it has been held that even a defect in that respect was not jurisdictional. Lenham Mercantile Co. v. Herke, 55 Misc. Rep. 310, 105 N. Y. Supp. 472.

The original summons was properly filled in as required by sections 27 and 28 of the Municipal Court act (Laws 1902, p. 1498, c. 580). It was made returnable not more than 12 days from its date, and was served 6 days before the return day as required by section 37 of the Municipal Court act. We think, it being plain that the omission in the copy complained of was not jurisdictional, the justice should not dismiss, where the defendant was not and could not have been in any way misled or prejudiced.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.