CONROY v. BIGG (two cases).

(Supreme Court, Appellate Term.    April 10, 1908.)

1. INFANTS—GUARDIAN AD LITEM—APPOINTMENT—SUFFICIENCY OF CONSENT.
    A petition for the appointment of a guardian ad litem for an infant
    was signed "Ellen X̱ Conroy." The consent to the appointment of the
    guardian was signed simply by an "X." The execution of the instrument
    was acknowledged in due form before a commissioner of deeds.  *Held*,
    that the petition was sufficient for the purpose of the prosecution of an
    action.

2. INFANTS—GUARDIAN AD LITEM—DEFECTIVE APPOINTMENT.
    It is error to dismiss a complaint in an action by an infant by reason
    of a defective petition for the appointment of a guardian ad litem, since
    the failure to appoint the guardian is not a jurisdictional defect, but an
    irregularity, which can be cured during the progress of the trial.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, § 249.]

3. PROCESS—RETURN—IMPEACHMENT—SUFFICIENCY OF EVIDENCE.
    On an issue of the proper service of summonses in two actions com-
    menced simultaneously, one by a parent and the other by the child by
    a guardian ad litem, for injuries to the child, evidence considered, and
    *held* insufficient to overturn the verified return of the process server that
    the summonses were properly entitled and personally served on defendant.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 204.]

4. SAME—ALIAS SUMMONS—DEFECT—EFFECT.
    Where an original summons not served is attached to an alias sum-
    mons which is personally served, a defect in the alias summons, the orig-
    inal being correct, does not oust the court of jurisdiction of the person.

5. COURTS— MUNICIPAL COURTS— PROCEDURE— APPEAL— REVIEW— QUESTIONS
    CONSIDERED—IMPOSITION OF COSTS.
    Where a court erroneously dismissed an action and taxes costs against
    the plaintiff, it cannot be urged, on an appeal from the judgment of dis-
    missal, under section 342 of the Municipal Court act (Laws 1902, p.
    1589, c. 580), providing that, unless a review of a taxation of costs is ask-
    ed for within five days after entry of judgment, it cannot thereafter be
    questioned on appeal, that plaintiff cannot complain of the imposition of
    the costs, since upon a reversal of the judgment the costs would fall with
    it, and since the section mentioned applies only to cases of taxation of
    costs by the clerk.

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Actions by James Conroy, father and son, against Ottilie Bigg, for
personal injuries sustained by the son.  From judgments of dismissal
and costs, plaintiffs appeal.  Reversed in each case, and new trial or-
dered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
DAYTON, JJ.

Abraham Oberstein, for appellants.
Edmund Bittiner, for respondent.

GILDERSLEEVE, P. J.  The summons in the two above-entitled
actions were issued the same day, and made returnable upon the same
day at the same hour.  Upon an affidavit in due form to the effect that

service could not be made upon the defendant, an alias summons was issued in each case, dated on the same day, and returnable upon the same day and hour. Attached to the summons in each action were verified complaints. The process server made an affidavit, which appears upon the back of the alias summons, that personal service of the summons was made in each case upon the defendant at the same time and place. Upon the return day of the summons the defendant's attorney moved to dismiss the complaint in each action, which motion was granted, and the court directed that a judgment be entered against the plaintiff in each case for $15 costs.

In action No. 119 the ground urged for a dismissal was that the petition appointing the guardian ad litem for the plaintiff was defective. The record does, not disclose the particular defect urged upon the court as being sufficient to authorize the dismissal of the action; but the respondent's brief states that the petition is a "nullity," for the reason that the consent of the guardian to act is not subscribed by her, and that the petition contains no provision in which the guardian agrees to become responsible for costs. The petition for the appointment of Ellen Conroy as guardian ad litem was signed by "Ellen $\overset{\text{her}}{\underset{\text{mark}}{X}}$ Conroy."

The consent was signed merely by an "X." The instrument was acknowledged before a commissioner of deeds, who certifies that:

"Before me personally came Ellen Conroy, to me known, and known to me to be the individual described in and who executed the foregoing consent, and she duly acknowledged to me that she executed the same."

This appointment and consent were therefore clearly sufficient for the purposes of the action. The person thus appointed evidently could not write. It is immaterial by what token or representation an individual thus circumstanced indicates that the signature to an instrument in writing is made by him, when the same is acknowledged in due form of law before a proper officer. "The term 'signature' includes any memorandum, mark or sign, written or placed upon any instrument or writing with intent to execute or authenticate such instrument or writing." Section 12, Statutory Construction Act (Laws 1892, p. 1487, c. 677). Moreover, the failure to appoint a guardian ad litem for an infant plaintiff is not a jurisdictional defect, but a mere irregularity, which can be cured during the progress of the trial, if necessary; and the court below erred in dismissing the complaint. Goodfriend v. Robins (Sup.) 92 N. Y. Supp. 240, and cases there cited.

In case No. 120 the indorsement upon the process is as follows:

"Motion to dismiss on defective papers granted, with costs, on special notice of appeal being filed, without prejudice to a new action."

Attached to an affidavit made by the defendant, and contained in the record, although the same does not appear to have been filed in the action, is a summons entitled in this action, and also an alias summons, entitled:

"James Conroy, an Infant, by Ellen Conroy, His Guardian ad Litem, Plaintiff, against Ottilie Bigg, defendant."

The defendant in his affidavit says:

"The papers annexed to this affidavit are the papers which were served on me herein."

And he calls attention to the fact, as he alleges, that the copy of the alias summons is entitled as "by guardian," etc., while the summons itself designates the plaintiff as "James Conroy" merely, and urges this discrepancy as being sufficient to oust the court of jurisdiction. The summons and alias returned by the process server are both entitled in the action as "James Conroy, Plaintiff, against Ottilie Bigg, Defendant," and he swears that he personally served such upon the defendant. It will be observed that the defendant carefully refrains from swearing that the summons and alias attached to his affidavit are the only ones served upon him, and his affidavit therefore fails to controvert that of the process server, who makes oath that the summons and alias, properly entitled, were served.

In case No. 119 the defendant fails to hand up the summons or alias served upon him in that action, which would show the summons in each action. Such omission makes it plain that the defendant has taken the alias summons in action No. 119 and attached it to his affidavit in No. 120, and thereby convinced the court that the alias served on him in action No. 120 was irregularly entitled. The affidavit of the process server standing uncontradicted, the court should not have dismissed the complaint. Even if we should assume that no other summons was served upon the defendant execpt those attached to his affidavit, one (the original) properly entitled, and attached thereto an alias entitled "James Conroy, by Ellen Conroy," etc., nevertheless the court would have acquired jurisdiction of the person of the defendant by the service and filing of the proper original summons. The defendant was in no way misled. The original summons and alias were properly entitled, and a copy of the verified complaint, properly entitled, was served with the summons; and a defect in the alias, if one existed, was not jurisdictional. Mayerson v. Cohen (Sup.) 108 N. Y. Supp. 59.

It is also urged that the plaintiff cannot complain because of the imposition of costs upon him, for the reason that section 342 of the Municipal Court act (Laws 1902, p. 1589, c. 580) provides that, unless a review of a taxation of costs is asked for within five days after entry of judgment, it cannot thereafter be questioned upon appeal. There are two answers to this proposition: First, that if the judgments are reversed the costs imposed thereby fall with the judgment; and, second, these are not cases of taxation of costs by the clerk. The court directed the imposition of costs, and the clerk was bound to carry into effect the order of the court by entry of judgments against the plaintiff in each case, with costs.

Judgments in each case reversed, wtih costs, and a new trial ordered. All concur.