EPSTEIN v. PROSSER.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

JUSTICES OF THE PEACE (§ 122*)—DEFAULT JUDGMENT—PROCESS—DEFECTIVE SUMMONS.

Code Civ. Proc. § 2876, provides that an action is commenced by voluntary appearance or service of a summons. Section 2877 requires summons to be made returnable at a time therein specified after the date it is issued, and section 2878 declares that the summons must be served at least six days before the time of appearance specified therein. Sections 2888 and 2991, provide for rendition of judgment against defendant on his failure to appear on the return day of the summons. Held, that where a summons was issued December 28, 1907, and served December 30, 1907, was made returnable January 7, 1907, it was insufficient to confer jurisdiction on the justice to render a default judgment, and defendant was not required to appear to take advantage of the defect, though he knew that the return day was intended to be January 7, 1908.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 383; Dec. Dig. § 122.*]

McLennan, P. J., and Spring, J., dissenting.

Appeal from Steuben County Court.

Action by Barney Epstein against Philip Prosser. A justice's judgment for plaintiff was affirmed by the County Court (112 N. Y. Supp. 174), and defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Walter S. Drew, for appellant.
James Flaherty, for respondent.

WILLIAMS, J. The judgment of County Court and of Justice's Court should be reversed, with costs in both courts.

The action is for breach of warranty growing out of a horse trade. There was no appearance by the defendant in justice's court. The plaintiff gave his evidence, and a judgment was rendered in his favor for $49 and costs. The ground relied upon for a reversal of the judgment is that no jurisdiction was acquired by service of any summons, returnable at the time the trial was had, and the judgment rendered. The summons was issued December 28, 1907, and was made returnable January 7, 1907. It was served December 30, 1907. The trial was had and judgment rendered January 7, 1908. It would

seem to be very clear that the provisions of the Code of Civil Procedure were not complied with so as to authorize the judgment so rendered. By section 2876 it is provided that an action is commenced by voluntary appearance or the service of a summons. By section 2877 it is provided that the summons must be made returnable at a time therein specified after the day when it is issued. By section 2878 it is provided that the summons must be served at least six days before the time of appearance specified therein. By sections 2888 and 2891 provision is made for the rendering of judgment against the defendant upon his failure to appear upon the return day of the summons. Under these provisions, no action was ever begun against the defendant. He had a legal right to disregard the summons served, and the court had no power to proceed at any other time than that specified in the summons as the return day, and take any proceedings in the action, or render any judgment therein against the defendant. The court assumed to proceed upon the theory that the return day was intended to be specified as January 7, 1908; that it was a clerical error to make it 1907 in the summons; and that the defendant should have so understood, and did so understand it, and should have disregarded the error and appeared January 7, 1908, the time when the trial was had and the judgment rendered, and by his failure so to appear and object he waived the defect. I cannot assent to this view of the case, and it is a matter of surprise to me that there should be some apparent authority therefor.

In Arnold v. Maltby, 4 Denio, 498, the summons was really issued January 3, 1846, was returnable January 10th, then instant, and was served January 3, 1846. By mistake it was dated 1845, instead of 1846, and the court held that error was amendable. In Bradbury v. Van Nostrand, 45 Barb. 194, the summons was really issued January 2, 1865, but was dated 1864 instead of 1865, and was made returnable January 12, 1864. The parties both appeared January 12, 1865. The defendant answered and requested the court to hold the case open until he got his attorney. When the attorney appeared, he noticed the defect in the summons, and refused to go on with the suit. The justice in the presence of the parties changed the year in the summons from 1864 to 1865. The defendant and his attorney then left the office, though the justice told them he should proceed with the suit. The court held that the error was under the circumstances amendable. In Lindsay v. Tansley, 63 Hun, 635, 18 N. Y. Supp. 317, the summons was returnable July 6, 1891, and was served June 26, 1891. Defendant made default. On appeal in County Court it was first claimed that the summons was really issued June 22, 1891, more than 12 days prior to the return day. In the return by the justice it appeared that the summons was dated January 22, 1891, and the justice, without having his attention called to the fact, stated that it was issued on that day. The court refused under these circumstances to hold the summons void. If this was claimed as a defect in the summons, the question should have been raised at the trial. It might then have been shown to be a mistake in date merely, and the summons to have really been issued within 12 days of the return day. In Monroe v. White, 25 App. Div. 292, 49 N. Y. Supp. 517, the original summons was correct, was issued August 20, 1896,

and returnable September 1, 1896, but in the copy delivered to the defendant in making the service the return day was by mistake stated to be August 1, 1896. Defendant defaulted, and on appeal this error of fact was alleged, and thereupon the County Court reversed the judgment for that reason, and the Appellate Division, Fourth Department, affirmed the decision of the County Court. In Iron Clad Manufacturing Company v. Smith, 28 Misc. Rep. 172, 59 N. Y. Supp. 332, the return showed the summons issued January 23, 1898, returnable February 3, 1898, and served January 24, 1898. Defendants defaulted, and on appeal showed as error of fact that the copy of the summons delivered to the defendants was made returnable some several days prior to the date of the issue of the summons. The Appellate Term of the Supreme Court, New York City, held that the court acquired no jurisdiction, and reversed the judgment. In Lenham Mer. Co. v. Herke, 55 Misc. Rep. 310, 105 N. Y. Supp. 472, the original summons was correct, was issued July 10, 1906, and returnable July 18, 1906, but in the copy delivered to the defendant in making the service the return day was by mistake stated to be July 18, 190–, omitting the figure 6 at the end of the year. Defendant defaulted, did not appeal, but moved for a writ of prohibition against the enforcement of the judgment because of the want of jurisdiction in the Justice Court. The Special Term held the return day was reasonably certain in the copy summons served and the defect might be disregarded. The motion was therefore denied. In Mayerson v. Cohen, 123 App. Div. 646, 108 N. Y. Supp. 59, it was claimed the copy summons served had no date of its issue. The return failed to show this defect, and there was no proof of it. The court held the date was not very important, inasmuch as the return day was correctly stated, that the defendant was not misled, and refused to reverse the judgment.

These are the only cases to which my attention has been called bearing upon the question I am considering. They speak for themselves, and I need not discuss the same. None of them present a case like this one, and, after examining and considering them, I adhere to the opinion already suggested, that there was no authority in the court to proceed to trial and render judgment against the defendant. No jurisdiction acquired of him. I do not think it will do to say when no return day is stated in the summons, or a day already passed, that the defendant is obliged to conclude what day was intended and to appear on that day at his peril. I do not think it lies with the court or the plaintiff to say that the defendant understood what day was intended, and was not therefore misled to his prejudice. I think the defendant has the right to rely upon the summons served, and, if no return day or an impossible return day is stated therein, he may disregard the summons and make no effort to find out what day is intended, and appear on such day. A mistake in the date of the issue of a summons is a different matter. The defendant still knows what day he is required to attend, and he must do that and there make such objection as he desires as to other defects, and, if he fails to do so, he may waive them.

Failure to notify him when to appear by stating a proper return day is an entirely different thing. I do not think a defendant can

be required when a defective summons is served upon him to trot around to the justice and ask him what return day he designed, but failed to insert in the summons. All concur, except McLENNAN, P. J., and SPRING, J., who dissent upon the opinion of Burrell, County Judge.

Judgment of County Court and of Justice Court reversed, with costs in all courts to defendant.