## WHITMORE v. BEHM.

(133 N. W. 300.)

**Summons by justice — error in date in copy served on defendant.**

1. Where the summons issued by a justice on January 5, 1907, was made returnable on January 15, 1907, and was regular in all respects, but the copy served on defendant was defective merely in designating the year of the return day as "1906," instead of "1907," such defect was not jurisdictional, as defendant was in no manner misled thereby to his prejudice.

**Justice of the peace — appeal — trial de novo.**

2. Defendant, having appealed from the justice's to the district court solely on the questions of law, is not entitled, on being defeated on his law points, to a trial on the merits, although at the time of taking his appeal he served and filed an answer. A trial upon the merits is permissible in the district court only where the decision on such an appeal reopens the case for a trial of an issue of fact.

Opinion filed October 26, 1911.   Rehearing Denied November 25, 1911.

Appeal from District Court, Ward county; E. B. Goss, J.

Action by Charles Whitmore against Nick M. Behm. From a judgment for plaintiff, defendant appeals.

Affirmed.

*Dorr H. Carroll,* for appellant.

*Arthur LeSueur* (*Noble, Blood, & Adamson,* of counsel), for respondent.

FISK, J. This litigation originated in justice's court, where plaintiff recovered judgment by default. Concededly the proceedings before the justice were regular in all respects, with the exception that the copy of the summons served on the defendant designated the return day as "the 15th day of January, A. D. 1906," instead of the 15th day of January, 1907, which was the return day designated in the original summons. The record discloses that the summons was served by delivering a copy thereof, as aforesaid, on January 5, 1907. On the return day designated in the original summons, the defendant made a special appearance, and moved that the cause be dismissed for lack of jurisdiction, basing his motion solely upon the ground that the copy of summons served upon him designated an impossible date for his appearance, and consequently it was the same as no date. Such motion was overruled and defendant suffered a default judgment to be taken against him. Subsequently he took an appeal to the district court from the judgment on questions of law alone, alleging said ruling of the justice as error. At the time of taking such appeal, he also filed an answer to the complaint. The district court subsequently entered a judgment, affirming the judgment of the justice, and this appeal brings up for review the correctness of the judgment of the district court.

We find no error in the record. There is no merit in appellant's contention that the justice did not acquire jurisdiction. Defendant could not possibly have been misled by the designation of the wrong year in the copy of the summons. It was palpably a mere clerical error. The month and day of the month were correctly designated, and plaintiff was bound to know that the summons could not legally be made returnable during any month, other than the month of January, 1907, for the Justice's Code (§ 8362) prescribes that "the time specified in the summons for the appearance of the defendant shall be not less than three or more than fifteen days from the date on which it is issued." The test as to whether such an error in the copy of the summons will prove fatal to the jurisdiction of the justice seems to depend upon the fact as to whether it operated to mislead the defendant to his prejudice. A case in all respects identical on principle with the case at bar arose

in New York, and in disposing of the point here raised the court said: "What effect, then, does the service of a defective copy have on the proceeding, particularly where the defect on its face is but an apparent clerical error, as in this case? The rule seems to be that where the return day is made reasonably certain, so that the defendant cannot be misled thereby, a clerical error between the original and the copy served will be disregarded by the courts. Griffin v. Jackson, 36 N. Y. S. R. 110, 13 N. Y. Supp. 321.[1] I cannot see how the defendant in this case could have been misled by the omission of the year, so long as the hour and day of the month were properly filled in. The defendant and his attorney must have known that under the provisions of § 2877 of the Code the summons must be made returnable not less than six nor more than twelve days from its date of issue, and that the justice had no authority to compel an appearance in any other year than the year 1906. This fact put the defendant on his inquiry, and he certainly should have known that the omission of the year in the copy could have been nothing less than a clerical omission at most." Lenham Mercantile Co. v. Herke, 55 Misc. 310, 105 N. Y. Supp. 472. See also Bradbury v. Van Nostrand, 45 Barb. 194; Mayerson v. Cohen, 123 App. Div. 646, 108 N. Y. Supp. 59; 23 Cyc. 459, and cases cited.

It is contended, however, by appellant's counsel that in view of the fact that defendant filed an answer in the district court that it was error for the district court not to retain jurisdiction of the cause and try the same on its merits, instead of affirming the justice's judgment, but we are unable to concur in such contention. Defendant saw fit to appeal to the district court solely on questions of law. By his appeal he invoked the jurisdiction of the district court merely on a question of law, and, having been defeated in this, he was not entitled to a trial on the merits. The filing of the answer availed him nothing. In support of this view, see Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666.

Finding no error in the record, the judgment appealed from is affirmed.

Goss, J., being disqualified, took no part in the decision; Honorable W. C. CRAWFORD, Judge of the Tenth Judicial District, sitting in his place by request.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 620.