(157 App. Div. 374.)

**RICHMOND SALES CO. v. MORRIS.**

(Supreme Court, Appellate Division, Second Department. May 23, 1913.)

1. JUSTICES OF THE PEACE (§ 83*)—ACQUISITION OF JURISDICTION—COMPLIANCE WITH STATUTE.

The general provision for disregarding errors in process prescribed by Code Civ. Proc. § 23, applies only to courts of record, and justices' courts acquire jurisdiction only through a strict compliance with the statute.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 264, 265; Dec. Dig. § 83.*]

---

2. JUSTICES OF THE PEACE (§ 80*)—SUMMONS—REQUISITES.

Under Code Civ. Proc. §§ 2877, 3135, providing that the return of summons shall not be less than 6 nor more than 12 days after the date of issue, and declaring that a mandate issued by a justice of the peace must be entirely filled up when delivered to an officer to be executed, a summons issued by a justice of the peace must be dated, and the date must be correctly stated.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 251–257; Dec. Dig. § 80.*]

3. JUSTICES OF THE PEACE (§ 82*)—DATE OF PROCESS.

A justice of the peace may not act on his own personal knowledge of the delivery of a summons to the person deputed to serve it except on consent.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 262, 263; Dec. Dig. § 82.*]

4. JUSTICES OF THE PEACE (§ 83*)—DATE OF PROCESS.

Where a motion to dismiss on the ground that the summons did not comply with the statute was made, the clerical error in the summons, resulting from a mistake in the date on its issue, could not be disregarded; but, in the absence of any amendment to correct the error, the action was properly dismissed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 264, 265; Dec. Dig. § 83.*]

Appeal from Nassau County Court.

Action by the Richmond Sales Company against William H. Morris. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 140 N. Y. Supp. 1142.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Lincoln B. Haskin, of Hempstead, for appellant.
Charles I. Wood, of Mineola, for respondent.

PUTNAM, J. This appeal is over a point of practice in a justice's court. The present summons was signed and issued on October 2, 1912, but through an error in the typewritten forms, presented by plaintiff's attorney, was not so dated. Defendant was to appear on October 14th, and the summons concluded, "Given under my hand this 2d day of *Sept.,* 1912," followed by signature of the justice of the peace.

Upon the return day, defendant moved to dismiss, upon the ground that the summons did not comply with section 2877 of the Code of Civil Procedure. After offers of proof, the justice by consent made an entry in his minutes from his own recollection that on October 2d he had handed this summons and complaint to the person deputed for service. Plaintiff, however, did not move to amend the date in the summons, suffering a dismissal instead, since he claimed that the justice should disregard the date altogether. This dismissal has been affirmed by the County Court.

[1] Although the consideration of this point may seem minute and overtechnical, still justices' courts, not being courts of record, acquire jurisdiction only through strict compliance with the statutes. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

general provision for disregarding errors in process (Code Civ. Proc. § 24) applies only to courts of record, and not to the inferior courts. Talcott v. Rozenberg, 3 Daly, 203. By common law 15 days had to run between the teste and the return in summons and attachments (Co. Lit. 134b), and for the failure to give this interval the writ might be quashed as an error, and not a mere irregularity (6 Comyn's Dig. p. 94, art. Process). The New York Revised Statutes required that the time to appear in the justice's court summons should be "not less than six, nor more than twelve days, from the *date* of the same." 2 Rev. Stat. pt. 3, c. 2, tit. 4, p. 228, § 14. The amendment in 1860, giving added jurisdiction to justices of the peace, also provided that the twelve days for the long summons should be computed from the *date* of the summons. Laws 1860, c. 131, § 4.

[2] The present Code provision is that the return shall be not less than six nor more than twelve days after the day when it was issued. Code of Civil Procedure, § 2877. The date, however, seems essential, as any mandate issued from a justice of the peace must be completed when delivered for execution. It is not, then, to have any blank left to be filled in, "either in the *date* thereof or otherwise." Code Civ. Proc. § 3135. It is a general requirement that the date in a writ shall truly state the day of its issue. "The antedating of a writ may work great damage, as in the case of an attempt to avoid the statute of limitations." Mitchell v. Morris Canal & Banking Co., 31 N. J. Law, 99, 102.

In the absence of evidence, the date in the writ is the beginning of the action, so as to save the statute of limitations, and the date in the teste of the writ is prima facie evidence that it issued at that date. Chapman v. Goodrich, 55 Vt. 354. The older law as to the dates of writs appears in Johnson v. Smith, 2 Burr. 950, 966, where Lord Mansfield said:

"I allow the maxim laid down in Plowden, and many other books: 'That no man shall be allowed to plead or prove that such a writ was sued out on a different day from that on which it bears date.' Plowden gives the reason: 'Because contradicting the teste tends to discredit some judicial or other officer of record.' But this only goes to the mode of redress; the false date does not finally conclude the party. His redress is in a summary way, by application to the court out of which the writ issues. And therefore in the Court of Exchequer, in the case of King v. Mann, upon an extent, the court inclined to disallow the plea, and set aside the writ upon motion, because it was antedated."

[3] As it was no part of the official duty of the justice to deliver process for service, he could not act upon his own personal knowledge of the delivery of the summons to the person deputed to serve it, except upon consent. Cornell v. Moulton, 3 Denio, 12. The effect of his minute entered on the return day, if equivalent to parol evidence to show the date (32 Cyc. 439), still left the summons with a false teste, to which formal objection was made by motion.

[4] It was therefore the plaintiff's duty to apply for an amendment to correct the date of the summons, which the justice had power to grant. Bradbury v. Van Nostrand, 45 Barb. 194. While, without objection being taken, the justice might disregard clerical errors (Ar-

nold v. Maltby, 4 Denio, 498), it is not so after a motion to quash, unless the summons still shows enough to indicate the proper date. Correct procedure requires that such errors and defects, when seasonably objected to, shall be amended to conform to the fact.

The verity of legal process requires that, when the proof shows a false antedating of the summons, it should not be left to stand and form what may be a misleading record, but should be amended so as to state the truth. As no amendment was asked after the motion to quash and dismiss, the justice rightly declined to proceed on the record as it stood.

The judgment should be affirmed, with costs. All concur.