TITLE GUARANTEE AND TRUST COMPANY, Respondent, *v.*
ALBIN N. JOHNSON, Appellant.

(County Court, Nassau County, April, 1916.)

Summons — when void — Code Civ. Pro., § 3135.

A summons issued by a justice of the peace with a blank therein either as to the date or otherwise is void under section 3135 of the Code of Civil Procedure which requires that such a summons must be " entirely filled up " and delivered to an officer to be executed.

APPEAL from a judgment rendered by default in favor of the plaintiff against the defendant by a justice of the peace of the town of North Hempstead.

Albin N. Johnson, for appellant.

Arthur P. Hilton, for respondent.

NIEMANN, J. (1) A reversal of the judgment is asked for on the ground that the summons is void because it is not entirely filled up — that there are blanks in it as to the year. The appellant claims two omissions in this regard: *First,* that the date of the year at the bottom of the summons is not filled in as to the last figure, namely 5, so that it is left to read '' Dated at Mineola, in the Town of North Hempstead, this 15 day of November, 191 .'' I find from an inspection of the summons that the figure 5 is added to the 191. The appellant claims that this is merely an irregular sweep of the pen in the place where such figure ought to be, but an inspection will disclose that the figure is a 5, evidently written with very thin ink and a very light hand. *Second.* That the summons is made returnable on the '' 27 day of Nov.'' at nine o'clock in the

forenoon. An inspection of the summons shows that there is a printed dotted line for the insertion of the date, on which the figures 27 are written, and that there is a printed dotted line for the month and year upon which the abbreviation Nov. is written, leaving the rest of the line and space blank.

Section 3135 of the Code of Civil Procedure provides as follows: "A mandate, issued by a justice of the peace, must be signed by him, and may be without seal. It must be entirely filled up, at the time when it is delivered to an officer to be executed, so as to have no blank, either in the date thereof or otherwise; except that there may be a blank in a subpoena for the name of any or all of the witnesses. A mandate, issued and delivered to an officer to be executed, contrary to this section, is void."

The general rule as to filling blanks in process is stated in 20 Encyclopaedia of Pleading and Practice, 1109, as follows: " Process should be complete when issued and delivered for service. It is sometimes expressly so provided by statute, and a noncompliance with such provision has been held to render the process void. So, for the purpose of preventing abuse of process, certain officers have been declared by statute incompetent to fill blanks." Citing *Craighead* v. *Martin,* 25 Minn. 41; *Seurer* v. *Horst,* 31 id. 479. See also *Phinney* v. *Donahue,* 67 Iowa, 192; *Hannaman* v. *Muckle,* 20 Civ. Pro. 296. In construing said section 3135 of the Code, Mr. Justice Putnam, writing for the court, in the case of *Richmond Sales Co.* v. *Morris,* 157 App. Div. 374, 375, says: " The date, however, seems essential, as any mandate issued from a justice of the peace must be completed when delivered for execution. It is not, then, to have any blank left to be filled in, ' either in the *date* thereof or otherwise.' "

From this construction of the statute it follows that

because of the defects pointed out in the summons, *i. e.*, that it was not " entirely filled up," and that there was a blank as to the year, which was a part of the date, and if not a part of the date, is fully covered by the dragnet words of said section " or otherwise," the summons was, as declared in said section, " void," and the justice was without jurisdiction to render the judgment.

Judge Collin, in the course of the prevailing opinion written by him in the case of *People ex rel. Lawton* v. *Snell,* 216 N. Y. 527, says (p. 534) : " * * * compliance with the commands of a mandatory statute, is a condition precedent to the validity of an act or determination under it. The mode or way in which the act shall be done or the determination reached prescribed by it must be strictly pursued, otherwise the act or the determination will be void." ·

The word " must " as used in the section under consideration was necessarily mandatory and imperative, and intended to be made so by the legislature, because the section closes with the declaration that a failure to observe the command renders the process " void." The summons being void, it was as though no case was before the justice. He could not take cognizance of the subject-matter of the action. Certainly not in the absence of the defendant. If it should be claimed that there could be a waiver of these defects by appearance and an amendment, such a situation is not before the court upon this appeal, and I will therefore not pass upon this question.

(2) The cases of *Bradbury* v. *Van Nostrand,* 45 Barb. 194; *Arnold* v. *Maltby,* 4 Den. 498; *Griffin* v. *Jackson,* 36 N. Y. St. Rep. 110, and *Lenham Mercantile Co.* v. *Herke,* 55 Misc. Rep. 310, cited by the learned counsel for the respondent, are not authorities calling for a different disposition of the question under con-

sideration. In the case of *Bradbury* v. *Van Nostrand*, the summons was erroneously dated and was amended on the return day upon the appearance of the defendant.

In the case of *Arnold* v. *Maltby*, the court held that a mistake in the date was amendable by the justice.

The *Griffin* and *Lenham* cases were cases where there was a clerical error between the original summons and the copy served, which the court held to be amendable. In the case at bar the defect was in the original itself, rendering it void.

The defect in the summons in this case did not constitute a mere irregularity but a nullity.

The defendant had a right to treat the summons as void because of the express declaration in the statute that a mandate issued by a justice with a blank therein either as to the date or otherwise is void.

The judgment appealed from must be reversed, with costs.

Judgment reversed, with costs.