FOSTER *v.* TALBOT.

1. JUDGMENT—DEFAULT—SETTING ASIDE—PROCESS.
   Summons issued in November, 1930, with return day in February, 1930, is clearly clerical error, not misleading to defendants, who were required to enter their appearance within 15 days after service if they cared to make defense, and therefore said error is not ground for setting aside default judgment.

2. SAME—PROCESS—DAMAGES CLAIMED IN SUMMONS—NOTICE.
   Purpose of stating maximum claim of damages in summons is to give notice to defendant of extent of plaintiff's claim.

3. SAME—PROCEEDING MUST BE REGULAR TO BAR SETTING ASIDE DEFAULT—COURT RULES.
   To bar setting aside default after six months, under Court Rule No. 28, where proceedings on strength of default have been taken, such proceedings must be regular.

4. SAME—PROCESS—AMENDING SUMMONS—NOTICE.
   Summons stating amount of damages claimed by plaintiff may not be amended without new service or notice.

5. SAME—ERRONEOUS DEFAULT JUDGMENT PROPERLY SET ASIDE—COURT RULES.
   Judgment entered after default for larger amount than claimed in summons was properly set aside, although application there-

for was not made within six months after entry of default, since said judgment could not be taken on strength of default (Court Rule No. 28).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 27, 1932. (Docket No. 173, Calendar No. 36,152.) Decided March 2, 1932.

Assumpsit by Frank M. Foster against Charles R. Talbot and another under a real estate salesman's contract. From order setting aside default judgment, plaintiff appeals. Affirmed.

*Atkinson, Ortman & Shock* (*Frank W. Atkinson*, of counsel), for plaintiff.

*Slyfield, Hartman & Mercer,* for defendants.

Wiest, J. This suit was commenced by summons, issued November 14, 1930, with February 13, 1930, as return day, stating damages not to exceed $25,000. Service was made November 18, 1930. Defendant did not appear, and judgment by default was taken for $43,599.81, on January 24, 1931. August 28, 1931, defendant filed a motion to set aside the default and judgment alleging that, when the summons was served, the deputy sheriff, making the service, called attention to the fact that, while the summons was issued in November, it required service on or before the previous February, and the defendants need not pay any attention thereto, and, relying thereon, no attention was given the matter; also that the summons set the damages at $25,000, and judgment was taken for a much greater sum. The circuit judge set the default and judgment aside, and allowed time for appearance and plea. Plaintiff reviews by appeal, duly authorized.

The mistake in the return day of the summons was clearly of a clerical nature and could not mislead defendants, for the summons required them to enter their appearance, within 15 days after service, if they cared to make a defense. *Gould* v. *Castel,* 47 Mich. 604; *Low* v. *Mills,* 61 Mich. 35; *Whitmore* v. *Behm,* 22 N. D. 280 (133 N. W. 300).

In *Clutterbuck* v. *Wildman,* 2 Tyrw. (Eng.) 276, a writ of *quo minus* was tested November 25, 1831, was served December 29, 1831, with notice to appear on January 11, 1831, and it was held that:

"The mistake of inserting 1831 instead of 1832 in the notice to appear, was not such as to mislead the defendant, who might well understand what the period was to which it really referred."

There is no merit in this point.

The purpose of stating the maximum claim of damages in the summons is to give notice to the defendant of the extent of plaintiff's claim. More than six months having elapsed after the default and judgment, plaintiff invokes the court rule, former Circuit Court Rule No. 32, present Court Rule No. 28, against setting aside a default after the expiration of six months. The old court rule provided, and the present court rule provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed or entered."

Proceedings, after default, to come within this rule, must be regular. The proceedings herein, after default, were irregular. The summons served stated that plaintiff claimed damages "not exceeding

$25,000." The declaration filed the day default was entered claimed damages in the sum of $50,000. The summons was not amended, and could not have been amended without new service, or notice.

The judgment was erroneously taken for $43,599.81. Such judgment was not, and could not be taken on the strength of the default, and, therefore, was not a proceeding after default within the mentioned rule.

The circuit judge was right in entertaining the motion to set aside the default, and we approve of the discretion he exercised.

Affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.