In the Matter of the Summary Proceedings for Removal of Persons in Possession of Premises Alleged to Be Owned by HUGH and FRANKIE RUDGERS at Watts Flats, N. Y. JERRY V. MADDEN, JR., and GRACE MADDEN, Appellants; HUGH W. RUDGERS and FRANKIE F. RUDGERS, Petitioners, Respondents.

Fourth Department, March 10, 1937.

*McKinley L. Phillips*, for the appellants.

*Harvey M. Parker*, for the respondents.

LEWIS, J. A judgment creditor, who has become the purchaser of certain real property sold by virtue of an execution, seeks by summary proceeding to dispossess his judgment debtors — a hus-

band and wife who formerly held title as tenants by the entirety to the premises which they now refuse to vacate. (Civ. Prac. Act, § 1411, subd. 1.)

Upon the return of the precept before the special county judge of Chautauqua county, and in accord with procedure outlined in section 1425 of the Civil Practice Act, the judgment debtors, who are appellants before us, filed a verified answer asserting, among other defenses, "that the alleged ownership of the petitioner is based upon an illegal and void sale of the premises by the Sheriff of the County of Chautauqua, in that the judgment upon which said sale was based was irregular and void, and the proceedings thereafter under which said title is claimed were irregular and void." Upon the trial of the issues thus raised the court refused to permit one of the appellants to prove that in response to the summons served upon her, and at the time mentioned therein, she went to the place at which the summons was made returnable where she found that " there was no court open, no court there." In rejecting the proffered evidence the court ruled that it was " a collateral issue which may not be set up at this time." Defendants' challenge to this ruling presents the question for our review.

The statute which defines the jurisdiction of a Justice's Court also prescribes the form of its process. The defendant is summoned to answer the plaintiff's complaint before a justice of the peace, at a place and time therein designated and notice is given that, in the event of default in so answering, judgment will be taken against the defendant for the relief demanded in the complaint. (Justice Court Act, § 45, as amd. by Laws of 1933, chap. 401.) The statutory summons thus imports notice to the defendant that the court in which the action is brought will be present and available at the time and place named therein to receive defendant's answer. The Legislature has thus prescribed the manner in which there shall be accorded to a defendant due process of law — " an opportunity to be heard respecting the justice of the judgment sought." (*Hagar* v. *Reclamation District No. 108*, 111 U. S. 701, 708.)

If, as we must assume upon this appeal, the defendant in the case at bar appeared at the time and place named in the summons and no court was present there to which her answer could be made, the process which had been served upon her was a nullity and the Justice's Court acquired no jurisdiction of her person. It follows that, as to her at least, the court was without authority to render the judgment which has been followed by the issuance of execution thereupon and a sale thereunder of real property in which she owned an interest. (*Epstein* v. *Prosser*, 133 App. Div. 859, 863.)

The ruling now challenged excluded evidence offered by the defendant to establish the facts mentioned above which, if found to be true, would deprive the Justice's Court of jurisdiction to render the judgment which gave rise to this summary proceeding. That evidence was material to one of the issues tendered by the answer filed in this proceeding pursuant to section 1425 of the Civil Practice Act, which alleged as an affirmative defense that the judgment upon which the execution sale was had and all proceedings thereafter upon which petitioners' title rests, were irregular and void.

It is settled law that " When a party interposes the judgment of a court as the foundation of his title or claim, the want of jurisdiction in the court to render the judgment may always be set up against it when sought to be enforced, or when any benefit is claimed under it by the party in whose favor it was rendered, or by any one claiming under him. It is always open to the party against whom the judgment is offered to prove the want of jurisdiction in the court, even though such proof contradicts recitals in the record. * * * Whenever, therefore, a judgment is interposed as a claim or the foundation of a title, the party against whom it is offered may show that it is void, and, therefore, that the supposed record is not in truth a record at all." (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 98.)

Embraced within this principle of law is the rule that a judgment may be the subject of attack in a collateral proceeding where it appears that the court which rendered it did not obtain jurisdiction of the person of the defendant. (*Ferguson* v. *Crawford*, 70 N. Y. 253, 256, *et seq.; Matter of Doey* v. *Howland*, 224 id. 30, 38; *Copperfretti* v. *Shephard*, 241 App. Div. 872. Cf. Freeman on Judgments [5th ed.], § 340, pp. 685, *et seq.*)

The petitioners, respondents, assert that as no appeal was taken by the defendants from the Justice's Court judgment which underlies this proceeding, the appellants' right to question the validity of that judgment is barred by section 426 of the Justice Court Act which provides: " The only mode of reviewing a judgment rendered by a justice of the peace in a civil action is by an appeal, as prescribed in this act." The statute thus invoked applies to the review of a judgment where the court has jurisdiction to render the same. Lacking such jurisdiction, as is claimed in the case at bar, any determination by the court is a nullity — there is no judgment. " If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth entitled to the character of a judgment." (*O'Donoghue* v. *Boies, supra*, p. 98.)

We have not overlooked rulings by this court in *East Syracuse Motor Car Co.* v. *Tuttle* (230 App. Div. 872) and *Broga* v. *Seelye* (229 id. 747) and other kindred cases to which the respondents have directed our attention, which are to be distinguished by facts unlike those now before us. In the *East Syracuse Motor Car Co. Case* (*supra*) the record on appeal discloses that the Justice's Court had jurisdiction both of the subject-matter of the action and the person of the defendant. The summons was served upon the defendant who responded by appearing before the justice's of the peace named therein at the place but at a time after the hour stated. Likewise in the *Broga Case* (*supra*) the defendant, who was personally served with a summons, appeared on the return day at which time she interposed an answer containing a counterclaim and was present throughout the trial.

The order from which appeal is taken should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, LEWIS and CUNNINGHAM, JJ.

Order reversed on the law and a new trial granted, with costs to the appellants to abide the event.