RICHARD LONG v. MARY LONG.

*Order of publication—Appearance of defendant—Opening decree—Petition for same, should be accompanied by proposed answer—Laches.*

1. The publication of an order for the appearance of a non-resident defendant, is rendered unnecessary by his appearance, by solicitor, after the order is granted.

2. A *pro-confesso* decree will not be set aside for a confessed, technical irregularity in the prior proceedings, unless the application is made at the first opportunity.

3. A defendant cannot claim a re-opening of such a case as a matter of right, when he files his petition long after the time for an appeal has expired, without exhibiting his proposed answer or offering any excuse for such delay.

Appeal from Manistee. (Judkins, J.) Argued January 13, 1886. Decided January 20, 1886.

Petition to open decree and for rehearing. Denied.

*S. W. Fowler*, for complainant.

*A. V. McAlvay*, for defendant.

Morse, J.  Complainant obtained a decree of divorce from the defendant in the circuit court for the county of Manistee, in chancery, December 2, 1882.  January 12, 1885, the defendant filed in the same court a petition to have the decree set aside, that she might answer complainant's bill, take proofs as the court might direct, and have a rehearing of the case.  Her reasons, after setting out the merits of her cause, are briefly these: She was not in the State when the bill was filed, and had not resided therein for several months preceding such filing; the decree was obtained without her knowledge or consent, or that of her solicitor, as she believes; that she employed an attorney, Mr. Phinney, who entered her appearance in the cause in due season, and demanded a copy of complainant's bill; that she is informed and believes that no copy of the same was served upon him, or any notice given him of subsequent proceedings in the case; that no order for subpœna was ever entered, and no subpœna issued; no order of publication was ever granted, and no publication made; that said bill was never taken as confessed, as authorized by the rules and practice of the court; that the order *pro confesso* entered was the usual general order, and not signed by the register in chancery, and the proofs taken under the same were therefore irregular; that the complainant, without any order, was examined in his own behalf, and did not sign his deposition; that the commissioner reported and recommended a decree on the ground of desertion, and the court granted one for extreme cruelty; that the decree had never been enrolled; and that complainant had not remarried, and there were no minor children of the marriage.

No proposed answer was filed with her petition, and it was not supported by proof of any kind, save a reference to the files and records in the cause.  The solicitor, Phinney, made no affidavit, nor was any reason given why he did not do so. No excuse was offered for the laches of defendant in not sooner moving in the matter.

Upon the hearing upon the petition it appeared that a copy
of the bill of complaint was duly served upon her solicitor,
and that he was notified of the taking of proofs and hear-
ing in the cause, that an affidavit for an order of publication
was made, and the order duly issued and entered, but
the appearance of defendant rendered further proceedings
under the order unnecessary; that an order was regularly
entered by the circuit judge to take the testimony of com-
plainant; the circuit court commissioner reported in favor
of a decree, both for desertion and cruelty; and a decree was
entered by the court for extreme cruelty alone. The only
irregularities about the proceeding were the entering of the
order *pro confesso*, and the non-enrollment of the decree.
The order *pro confesso* was as follows:

" General Order Pro Confesso.

"Parties: *Richard Long, Complainant, v. Mary Long,
Defendant.*

" State of Michigan—The Circuit Court for the County
of Manistee—In Chancery.

"Entered July 10, 1882.

" On filing due proof of personal service of the subpœna
issued in this cause on the defendant therein, on or before
the return-day thereof, and more than twenty days having
elapsed since said return-day and said defendant not having
appeared, on motion of S. W. Fowler, solicitor for the
complainant, it is ordered that the bill of complaint filed
in this cause be, and the same hereby is, taken as confessed
by the said defendant, and that it is referred to E. J. Rich-
mond, a circuit court commissioner, to take proofs of the
facts and circumstances stated in said bill, and that said com-
missioner, with all convenient speed, report to this court said
proofs, together with all other matters hereby referred to
him, and his opinion thereon.

"Register in Chancery.
" S. W. Fowler, *Solicitor for Complainant.*"

Over two years have elapsed since the granting of this
decree. No sufficient showing is made that defendant's
solicitor did not, have knowledge of it at the date of its
entry. On the contrary, it appears that he had due notice

of the hearing. The non-enrollment of the decree does not help the laches of defendant: *Benedict v. Thompson*, Walker's Ch. 447.

The order *pro confesso* is not in the form that it should have been under the rules and practice of this Court, but all the substantial requisites necessary to entitle the complainant to a proper order were substantially complied with; and notice of taking proofs being served upon defendant's solicitor, and no excuse whatever being presented for this delay, we are not disposed to set aside the decree on this account.

Without any copy of proposed answer accompanying the petition, and the time for appeal having long ago expired, under the practice and decisions of this Court, without any excuse whatever for the delay, as a matter of right, the defendant cannot claim a re-opening of the case: *Benedict v. Thompson*, above cited; *Hart v. Linsday*, Walker's Ch. 74, 75. Nor will a confessed irregularity, that is purely technical, and in no way affecting the merits, furnish ground for setting aside a decree of divorce, unless the application is made at the first opportunity: *Johnson v. Johnson*, Walker's Ch. 312; *Gould v. Castel*, 47 Mich. 604; *Creveling v. Moore* 39 Mich. 563.

The proofs taken in the cause, in our opinion, under the pleadings, warranted the granting of the decree. The circuit judge refused to grant a rehearing because of the inexcusable laches of the defendant in the premises, and his action must be affirmed, but without costs to either party in this Court.

CAMPBELL, C. J., and SHERWOOD, J., concurred.

CHAMPLIN, J., did not sit.