ALBERT *v.* ALBERT.

1. DIVORCE—LACHES—MISTAKE.

Defendant in divorce suit, whose motion to have proceedings declared void was denied conditionally upon his filing a general appearance and no appeal taken therefrom, and who filed, after lapse of 23½ years, a "petition and a motion to vacate and expunge a void judgment" of divorce, some eight years after plaintiff had remarried *held*, without equity, even though plaintiff's original solicitor was careless in failing to wait a proper time before entering order *pro confesso*, as defendant has been afforded every reasonable opportunity to appear and present his defense, if any.

2. APPEAL AND ERROR—BRIEF ORDERED STRICKEN.

Reply brief containing scurrilous and impertinent statements in regard to trial court is ordered stricken from record.

Appeal from Mason; Neal (Max. E.), J. Submitted May 10, 1938. (Docket No. 140, Calendar No. 39,967.) Decided June 6, 1938.

Divorce proceedings by Julia M. Albert against William Leon Albert. On petition of defendant to vacate and expunge alleged void decree. Petition denied. Defendant appeals. Affirmed.

*Archie G. Leonard,* for plaintiff.

*W. L. Albert, in pro. per.*

BUTZEL, J. On October 22, 1912, plaintiff, alleging residence at Ludington, Mason county, Michigan, filed a bill of divorce charging adultery, cruel-

ty and nonsupport against defendant. The parties had one infant daughter. On December 4, 1912, plaintiff filed an amended bill, the principal change being the addition of a paragraph showing that she had taken a position as school teacher at Benzonia, in Benzie county, Michigan, in order to support herself and that defendant had threatened to murder her and also to take the child away from her. On December 5, 1912, an order of publication was signed by the circuit judge, ordering defendant's appearance within four months, as required by the statute in effect at that time, 1 Comp. Laws 1897, §§ 485, 486. It was stated in the order that defendant was not a resident of Michigan but of Mesa, Arizona. Five days prior to the expiration of the four months, the solicitor for plaintiff filed affidavits of nonappearance and regularity, together with proof of publication and entered an order *pro confesso*. A favorable report of the prosecuting attorney was duly filed. On the 10th day of April, 1913, more than four months after the date set forth in the order of publication, the case was heard and proofs taken. The judge entered a decree finding the defendant guilty of nonsupport and adultery as charged by plaintiff, giving her a divorce and custody of the minor child, and awarding her alimony at the rate of $20 per month, beginning with the first day of May, 1913. The decree was enrolled on or about February 2, 1914.

On March 2, 1914, in a motion to vacate and set aside the decree of divorce, defendant claimed that the court never acquired any jurisdiction over his person or the subject-matter; that at the time the suit was begun plaintiff had ceased to be a resident of Ludington in Mason county, in which suit had been brought, but had become a resident of Benzonia

in Benzie county; and that defendant had never given up his residence in the State of Michigan. He further set forth the fact that although the order of publication gave defendant four months in which to appear, that default was entered five days prior to the expiration of the four months. He claimed that, for these reasons, the entire proceedings were void. He made no claim that he had a meritorious defense or that he desired to appear for the purpose of presenting a defense. Plaintiff, in answer to the motion, filed an affidavit showing that she had not given up her residence in Ludington, Michigan, and that defendant had given up his residence in Michigan. The motion was heard by Hon. Charles A. Withey, circuit court judge, who also had heard the divorce case. In his opinion he stated that at the hearing of the main case he had examined the question of residence with care and was satisfied from the evidence at that time adduced that defendant was a resident of Mesa, Arizona, or of some State other than Michigan, and that plaintiff was then a resident of Mason county, and that the motion so far as based upon the residence of the parties, was denied. He held that the original decree, as far as the award of alimony was concerned, was improper since there had been no personal service. He further stated that he was concerned over the question of premature default; that he regarded it as significant that defendant neither in his motion nor otherwise offered to appear generally or in any way indicated his desire or intention of defending the case; but that the default order was nevertheless irregular, and that, therefore, if defendant desired to appear generally, it would be the duty of the court to set aside the decree in order to give defendant time to appear. In order to do so, he stated that

he gave defendant 30 days in which to take proper action, but that in the event of his failure to appear, defendant's motion was denied and plaintiff might enter a proper default order and affidavit of regularity *nunc pro tunc* as of some day after the lapse of the four months and before the hearing took place. Affidavits of regularity and nonappearance were filed shortly thereafter, but no default order was filed by plaintiff. Defendant, as the moving party, could have had the order on the motion entered, and if not satisfied with it, he could have taken an appeal. He did not enter an appearance within 30 days and nothing further was done at the time nor for many years thereafter. Some 15 years later, plaintiff remarried. The daughter is now a grown woman and holds a responsible position as a teacher.

Over 23½ years after the rendering of the opinion of the court on the motion to set aside the decree, defendant filed a "petition and motion to vacate and expunge void judgment," basing his claim principally upon the ground that the order *pro confesso* was prematurely entered. An order was entered by Hon. Max E. Neal, circuit judge, holding that, in view of the change of circumstances, plaintiff's remarriage, defendant's laches and lack of clean hands, and further, in view of the fact that the issues involved in defendant's motion were now *res judicata* by reason of his failure to appeal from the ruling of the circuit judge on April 23, 1914, defendant was not entitled to any relief. In accordance with such findings, he ruled that an amended judgment and decree of divorce might be filed *nunc pro tunc* as of June 1, 1914; that plaintiff might enter a default order and file an affidavit of regularity *nunc pro tunc* as of April 8, 1913, such time being subsequent to the expiration of the four months' period set forth in the order of publication and prior to the

hearing. Plaintiff, by a new solicitor, thereupon filed proper affidavits of regularity and nonappearance and an order *pro confesso*. Defendant has appealed.

There is no question but that plaintiff's first solicitor was careless, but defendant's position is wholly without equity. When the court ruled on defendant's first motion to vacate the decree, he could either have entered his appearance within 30 days and contested the bill, or, as moving party, he could have entered the formal order and taken an appeal. The ruling of the court at that time set forth the rights of the parties. If defendant felt himself aggrieved, he should have taken some action at that time. He cannot claim, after waiting almost a quarter of a century, that the ruling of the court was erroneous. See *Johnson* v. *Johnson*, Walk. Ch. (Mich.) 309; *Long* v. *Long*, 59 Mich. 296; *Madden* v. *Madden*, 222 Mich. 404. In *Newton* v. *Newton*, 166 Mich. 421, the court permitted an order *nunc pro tunc* to be entered 15 years after proofs were taken in the divorce case on account of the unusual circumstances presented. Defendant was afforded every reasonable opportunity to appear and present his defense and it is evident that plaintiff was not to blame for the mistake of her former solicitor.

The order and decree as of April 23, 1914, are affirmed. Defendant has filed a reply brief containing scurrilous and impertinent statements in regard to the trial court. This brief is ordered stricken from the record. Plaintiff will recover costs.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.